PROVIDER CREDITORS COMMITTEE v
UNITED AMERICAN HEALTH CARE CORPORATION

Docket No. 262177. Submitted December 5, 2006, at Lansing. Decided
March 29, 2007, at 9:00 a.m.

  A provider creditors committee, composed of certain hospitals and
  other health care providers who had provided services to members
  of Michigan Health Maintenance Organization Plans, Inc., also
  known as OmniCare Health Plan and which failed to pay for the
  services and subsequently was liquidated in a proceeding initiated
  by the Commissioner of Insurance, brought an action in the
  Ingham Circuit Court "on behalf of OmniCare" against United
  American Health Care Corporation and other corporations and
  their officers and directors that provided management, adminis-
  tration, and consulting services to OmniCare, asserting tort,
  contract, and other claims. The defendants moved for a change of
  venue to the Wayne Circuit Court. The trial court, James R.
  Giddings, J., denied the motion. The Court of Appeals granted the
  defendants leave to appeal from the denial of their motion.

    The Court of Appeals held:

    1. The plaintiff does not seek damages for personal injury,
  property damage, or wrongful death; therefore, the provisions of
  MCL 600.1641(2) do not control venue for this action.

    2. MCL 600.1641(1) governs the determination of the proper
  venue for this action because the plaintiff's complaint joined
  causes of action by asserting multiple claims against the defen-
  dants.

    3. One or more of the asserted causes of action, if sued upon
  separately, could have been commenced and tried in Wayne
  County, while none could have been commenced and tried in
  Ingham County. Therefore, under MCL 600.1641(1), Wayne
  County is the proper venue for this action. The Ingham Circuit
  Court, on remand, must transfer the action to the Wayne Circuit
  Court.

    4. The Ingham Circuit Court does not have exclusive jurisdic-
  tion over this action under MCL 500.8104(3) because this action is
  not a delinquency proceeding.

5. The plaintiff is not a receiver of an insurer; therefore, the provisions of MCL 500.8104 do not apply to this action to lay venue in Ingham County.

6. Venue for this action is controlled by MCL 600.1641(1); therefore, the provisions of MCL 600.1631, which provide that an action may be commenced in Ingham County when venue cannot be laid under any other venue provision, do not apply to this case.

Reversed and remanded.

1. ACTIONS — VENUE — WORDS AND PHRASES — PERSONAL INJURY.

The term "personal injury," as used in a venue statute governing multiple causes of action in one complaint, at least one of which seeks damages for personal injury, means bodily harm, sickness, disease, death, or emotional harm resulting from personal injury (MCL 600.1641[2]).

2. INSURANCE — ACTIONS — DELINQUENCY PROCEEDINGS.

A delinquency proceeding may be instituted in the Ingham Circuit Court against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving the insurer only by the Commissioner of the Office of Financial and Insurance Services (MCL 500.8104[3]).

*Mantese and Associates, P.C.* (by *Gerard Mantese* and *Ian Williamson*), for the Provider Creditors Committee.

*Young & Susser, P.C.* (by *Rodger D. Young* and *Terry Milne Osgood*), for United American Health Care Corporation and others.

*Dickinson Wright, PLLC* (by *Daniel D. Quick* and *Richard M. Apkarian*), for Vivian L. Carpenter and others.

Before: MARKEY, P.J., and FITZGERALD and WILDER, JJ.

PER CURIAM. In this interlocutory appeal, defendants appeal from the trial court's order denying defendants' motion for change of venue. Defendants contend that this action should be transferred to the Wayne Circuit Court. We agree and therefore reverse and remand.

I

A

Michigan Health Maintenance Organization Plans, Inc., also known as OmniCare Health Plan (OmniCare), is a nonprofit corporation and health maintenance organization (HMO) incorporated in Michigan, with offices in Wayne County. Defendant United American Health Care Corporation (UAHC) is a Michigan corporation with its principal place of business in Wayne County. Defendant United American of Tennessee (UAT) is a Tennessee corporation and a wholly owned subsidiary of UAHC. The individual defendants served as directors or officers of UAHC, or as trustees of OmniCare.

B

In 1985, UAHC and OmniCare entered into a written management agreement whereby UAHC agreed to service administrative aspects, including processing claims, of OmniCare. This agreement was in effect from 1985 to 2002. According to UAHC, the management agreement was executed in Wayne County, and UAHC performed its duties under the agreement in Wayne County; all individual defendants performed their officer's or director's duties in Wayne County; most of the members of plaintiff, the provider creditors committee, do business in Wayne County; and before its liquidation, OmniCare had its principal place of business in Wayne County.

OmniCare struggled financially after 1996. The Michigan Commissioner of Insurance[1] filed suit in the

_____

[1] The commissioner's title was subsequently changed to Commissioner of the Office of Financial and Insurance Services. For ease of reference, Commissioner of Insurance will be used throughout this opinion.

Ingham Circuit Court and obtained a seizure order in 1998. Later in 1998, the commissioner was appointed conservator for OmniCare's operations. In 2001, after ongoing financial troubles, the court ordered OmniCare into rehabilitation.

In 2002, the Ingham Circuit Court ordered the rehabilitator to evaluate the feasibility of an action against UAHC and its officers and directors for tortious conduct or breach of the management agreement. The resulting report indicated that defendants did not properly manage OmniCare. Specifically, the report stated that the claims-processing software that UAHC provided was outdated and inadequate, UAHC failed to control and supervise the underwriting process, there were unnecessary duplicate claims payments, UAHC failed to provide adequate personnel, defendants engaged in self-dealing, and defendants attempted to conceal misconduct.

In 2004, upon recommendation of the special deputy rehabilitator, the Ingham Circuit Court assigned the potential claims that OmniCare might have against UAHC to the provider creditors committee, which is composed of certain hospitals and other health care providers who had petitioned the court for payment for services they provided to OmniCare's members. Also in 2004, the Ingham Circuit Court ordered that OmniCare be liquidated.

On February 1, 2005, plaintiff, the provider creditors committee, filed the instant lawsuit, also in the Ingham Circuit Court, "on behalf of" OmniCare, naming as defendants UAHC, UAT, and four individuals who served as directors of UAHC. This lawsuit raised 23 counts (mostly in tort and contract), arising from the management agreement. Defendants filed a joint motion for change of venue to the Wayne Circuit Court

under MCR 2.222 and MCR 2.223. The trial court denied the motion. Pursuant to an order entered by the trial court, plaintiff filed a second amended complaint, adding individual defendants who served at some time between 1985 and 2002 as officers or directors of UAHC.

Defendants filed in this Court an application for leave to appeal from the denial of the motion for change of venue. This Court granted leave to appeal. *Provider Creditors Comm v United American Health Care Corp*, unpublished order of the Court of Appeals, entered September 7, 2005 (Docket No. 262177).

II

A

This Court generally reviews "a trial court's ruling in response to a motion to change improper venue under the clearly erroneous standard." *Massey v Mandell*, 462 Mich 375, 379; 614 NW2d 70 (2000). But, when the dispute regarding a venue challenge involves an issue of statutory interpretation, we review the determination de novo. *Colucci v McMillin*, 256 Mich App 88, 93-94; 662 NW2d 87 (2003).

B

When a defendant challenges venue, the plaintiff has the burden to establish that the county it chose is a proper venue, *Johnson v Simongton*, 184 Mich App 186, 188; 457 NW2d 129 (1990), and the plaintiff must present some credible factual evidence that the venue chosen is proper, *Marsh v Walter L Couse & Co*, 179 Mich App 204, 208; 445 NW2d 204 (1989). The choice of venue must be based on fact, not mere speculation. *Id.*

Defendants argue that because plaintiff asserts tort claims (among others), venue is controlled by MCL 600.1641(2), which provides:

> If more than 1 cause of action is pleaded in the complaint or added by amendment at any time during the action and 1 of the causes of action is based on tort or another legal theory *seeking damages for personal injury, property damage, or wrongful death,* venue shall be determined under the rules applicable to actions in tort as provided in section 1629. [Emphasis added.]

" 'Well-established principles guide this Court's statutory [or court rule] construction efforts. We begin our analysis by consulting the specific [statutory] language at issue.' " *Kloian v Domino's Pizza, LLC,* 273 Mich App 449, 458; 733 NW2d 766 (2006), quoting *Bloomfield Charter Twp v Oakland Co Clerk,* 253 Mich App 1, 10; 654 NW2d 610 (2002). "This Court gives effect to the Legislature's intent as expressed in the statute's terms, giving the words of the statute their plain and ordinary meaning." *McManamon v Redford Charter Twp,* 273 Mich App 131, 135; 730 NW2d 757 (2006), citing *Willett v Waterford Charter Twp,* 271 Mich App 38, 48; 718 NW2d 386 (2006). "When the language poses no ambiguity, this Court need not look beyond the statute or construe the statute, but need only enforce the statute as written." *McManamon, supra* at 136. "This Court does not interpret a statute in a way that renders any statutory language surplusage . . . ." *Id.,* citing *Pohutski v City of Allen Park,* 465 Mich 675, 684; 641 NW2d 219 (2002).

The phrase "personal injury" is not defined in chapter 16 of the Revised Judicature Act, the chapter containing MCL 600.1641. However, "personal injury" is defined in chapter 63:

> As used in this chapter:

\* \* \*

(b) "Personal injury" means bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm. [MCL 600.6301.]

Although personal injury as defined in MCL 600.6301 expressly applies only to chapter 63 of the RJA, we conclude that this definition of "personal injury" best reflects the plain meaning of the phrase as it is used in MCL 600.1641. Applying that definition here, it is clear from plaintiff's pleadings that plaintiff does not seek damages for "bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm." MCL 600.6301(b). Therefore, plaintiff is not "seeking damages for personal injury . . . ." MCL 600.1641(2). Further, plaintiff's pleadings do not support the conclusion that plaintiff seeks damages for property damage or wrongful death. Therefore, MCL 600.1641(2) does not control venue for this action.

MCL 600.1641(1) provides: "Except as provided in subsection (2), *if causes of action are joined*, whether properly or not, venue is proper in any county in which either cause of action, if sued upon separately, could have been commenced and tried, subject to separation and change as provided by court rule." (Emphasis added.) We hold that MCL 600.1641(1) governs in the determination of the proper venue for this action because plaintiff's complaint joined causes of action by asserting multiple claims against defendants.

Plaintiff's complaint alleged breach of contract, unjust enrichment, breach of common-law fiduciary duties, negligence, fraudulent concealment, causing fraudulent transfers in violation of MCL 566.34, receipt of fraudulent transfers, fraud, negligent misrepresentation, "innocent" misrepresentation, tortious interference with contractual relationships, tortious interfer-

ence with prospective economic advantage, conversion, and violation of MCL 600.2919a, and also sought a constructive trust against UAHC; alleged breach of contract and conversion against UAT, alleged violation of statutory duties against defendants Julius V. Combs, William B. Fitzgerald, Harcourt G. Harris, Ronald R. Dobbins, and Anita C. R. Gorham; and alleged violation of MCL 600.2919a, tortious interference with contractual relationships, tortious interference with prospective economic advantage, breach of common-law fiduciary duties, fraud, constructive fraud, fraudulent concealment, negligent misrepresentation, "innocent" misrepresentation, negligence, causing fraudulent transfers in violation of MCL 566.34, receipt of fraudulent transfers, aiding and abetting, inducement to breach fiduciary duties and aiding and abetting breaches of fiduciary duties, and civil conspiracy against all the individual defendants. Plaintiffs also sought declaratory relief.

As defendants assert, one or more of the foregoing claims could have been commenced and tried in Wayne County. The management agreement was executed in Wayne County, and UAHC performed its duties under the agreement in Wayne County. All individual defendants performed their officer's or director's duties in Wayne County. Most of the members of plaintiff, the provider creditors committee, do business in Wayne County, and before its liquidation, OmniCare had its principal place of business in Wayne County. Because one or more of the asserted causes of action "if sued upon separately, could have been commenced and tried" in Wayne County, we hold that under MCL 600.1641(1) Wayne County is the proper venue for this action. We find no evidence on the record that any of plaintiff's claims, if sued upon separately, could have been commenced and tried in Ingham County.

Plaintiff contends that MCL 500.8104 applies to this action and delineates the proper venue for this action. Although in *Ins Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 338 n 1; 573 NW2d 637 (1997), we noted that "[t]he Ingham Circuit Court has supervisory authority, as receivership court, over insurance company liquidations. MCL 500.8104(3)," we have not previously had occasion to interpret the application of MCL 500.8104 to facts similar to those presented here. MCL 500.8104 provides:

> (1) A delinquency proceeding shall not be commenced under this chapter by anyone other than the commissioner of this state and a court shall not have jurisdiction to entertain, hear, or determine a proceeding commenced by any other person.

> (2) A court of this state shall not have jurisdiction to entertain, hear, or determine a complaint praying for the dissolution, liquidation, rehabilitation, sequestration, conservation, or receivership of an insurer; or praying for an injunction or restraining order or other relief preliminary to, incidental to, or relating to such proceedings other than in accordance with this chapter.

> (3) The circuit court for Ingham county shall have sole jurisdiction of a delinquency proceeding commenced under this chapter. In addition to other grounds for jurisdiction provided by the law of this state, the circuit court for Ingham county shall also have jurisdiction over a person served pursuant to the applicable provisions of law in an action brought by the receiver of a domestic insurer or an alien insurer domiciled in this state, if any of the following apply:

> (a) The person served is obligated to the insurer as incident to an agency or brokerage arrangement that may exist or has existed between the insurer and the agent or broker, in an action on or incident to the obligation.

> (b) The person served is a reinsurer who has at any time written a policy of reinsurance for an insurer against which

a rehabilitation or liquidation order is in effect when the action is commenced, or is an agent or broker of or for the reinsurer, in an action on or incident to the reinsurance contract.

(c) The person served is or has been an officer, manager, trustee, organizer, promoter, or person in a position of comparable authority or influence on an insurer against which a rehabilitation or liquidation order is in effect when the action is commenced, in an action resulting from such a relationship with the insurer.

(4) If the court on motion of any party finds that any action should as a matter of substantial justice be tried in a forum outside this state, the court may enter an appropriate order to stay further proceedings on the action in this state.

Under MCL 500.8104(3), the Ingham Circuit Court has sole jurisdiction of a delinquency proceeding. A delinquency proceeding is "a proceeding instituted against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving such insurer, and a summary proceeding under section 8109 or 8110," MCL 500.8103(c), and may only be brought by the Commissioner of Insurance. MCL 500.8104(1). This action is clearly not a delinquency proceeding; rather, this action is an action asserting tort, contract, and other claims against an entity (and its officers and directors) that provides management, administrative, and consulting services to HMOs and other managed-care entities. Because this action is not a delinquency proceeding, the Ingham Circuit Court does not have exclusive jurisdiction of this action. MCL 500.8104(3).

Plaintiff argues, nevertheless, that under MCL 500.8104, the Ingham Circuit Court has jurisdiction of this action because the instant action seeks "an injunction . . . or other relief preliminary to, incidental to, or relating to" proceedings involving "the dissolution, liq-

uidation, rehabilitation, sequestration, conservation, or receivership of an insurer . . . ." MCL 500.8104(2). We disagree.

Even if this action can be construed as "preliminary to, incidental to, or relating to" proceedings involving "the dissolution, liquidation, rehabilitation, sequestration, conservation, or receivership of an insurer," by its plain language, MCL 500.8104(3) applies only to "an action brought by the receiver . . . ." While acknowledging that the receiver did not bring this action, plaintiff nevertheless asserts that it acts as an agent for or designee of the receiver in bringing this action; therefore, the requirements of MCL 500.8104(3) have been met. We reject plaintiff's construction of the statute. The statute does not refer to an action brought by the receiver *or an agent or designee of the receiver*. Plaintiff's construction of the statute adds new language to the statute. However, because its language is unambiguous, we must apply the statute as written. *Ayar v Foodland Distributors*, 472 Mich 713, 716; 698 NW2d 875 (2005); *Willett, supra* at 48.

In its pleadings, plaintiffs cited MCL 600.1631(b) as a basis for laying venue in Ingham County. MCL 600.1631 provides:

> The county in which the seat of state government is located is a proper county in which to commence and try the following actions:
>
> (a) when the action is commenced by the attorney general in the name of the state or of the people of the state for the use and benefit thereof;
>
> (b) *when venue cannot be laid under any other of the venue provisions*. [Emphasis added.]

It is not necessary to rely on the venue provision in MCL 600.1631, because venue can be laid under another venue provision, namely, MCL 600.1641(1).

III

Because this action is not a delinquency proceeding, the Ingham Circuit Court does not have sole jurisdiction of this action under MCL 500.8104(3). MCL 600.1641(1) governs venue for this action because plaintiff joined causes of action. Under MCL 600.1641(1), venue for plaintiff's action is proper in any county in which any of plaintiff's claims could have been commenced and tried. Because some of plaintiff's claims could have been commenced and tried in Wayne County, and none of the claims could have been commenced and tried in Ingham County, venue is proper in Wayne County. The trial court erred as a matter of law in failing to transfer venue to the Wayne Circuit Court.

Reversed and remanded with instructions to transfer this action to the Wayne Circuit Court. We do not retain jurisdiction.