MOORE v SECURA INSURANCE

Docket No. 267191. Submitted April 5, 2007, at Detroit. Decided July 3,
      2007, at 9:05 a.m. Leave to appeal sought.

   Hattie and James Moore brought an action in the Genesee Circuit
      Court against Secura Insurance, seeking no-fault insurance benefits
      for injuries sustained by Hattie Moore (hereafter plaintiff) in an
      automobile accident. The plaintiff had filed an application for benefits
      with the defendant, seeking wage loss benefits, personal protection
      insurance (PIP) benefits, and uninsured motorist benefits for pain
      and suffering. The defendant had paid wage loss and injury benefits
      for approximately one year until it stopped the payment of benefits
      after a doctor retained by the defendant to conduct an independent
      medical examination (IME) concluded that the plaintiff's injuries
      caused by the accident had healed and that her other pain was caused
      by preexisting conditions. The jury awarded the plaintiff $50,000 in
      noneconomic damages for the uninsured motorist claim, $42,755 for
      unpaid wage loss for the PIP claim, and $98.71 in penalty interest for
      overdue wage loss benefits. The court, Thomas L. Brown, J., granted
      the plaintiff's motion for attorney fees and, pursuant to MCL
      500.3148, awarded the plaintiff $79,415 in attorney fees and costs.
      The defendant appealed, alleging that the trial court erred both in its
      decision to grant attorney fees and costs and with regard to the
      amount awarded.

      The Court of Appeals *held*:

      1. An award of attorney fees in a no-fault case pursuant to
   § 3148 requires that the insurer unreasonably refused to pay
   benefits or unreasonably delayed in making proper payment and
   that those benefits were overdue. A refusal or delay in making
   payments is not unreasonable if the refusal or delay is the product
   of a legitimate question of statutory construction, constitutional
   law, or a bona fide factual uncertainty.

      2. The trial court properly found the denial of benefits to be
   unreasonable on the basis that the defendant made no inquiry
   beyond the opinion of the doctor who conducted the IME before
   denying the benefits.

      3. The conditions for an award of attorney fees under § 3148
   were satisfied because the jury found that at least some of the

benefit payments were overdue and the trial court determined that the denial of benefits was unreasonable.

4. The decision of the trial court regarding the amount of attorney fees awarded fell within the range of principled outcomes and therefore was not an abuse of discretion.

5. There is no statutory support for the defendant's claim that the plaintiff is entitled only to the portion of the attorney fees directly attributable to securing the $98.71 penalty interest award. The fact that the jury determined that only some of the benefits were actually overdue does not negate the fact that this was "an action for personal or property protection insurance benefits which are overdue." MCL 500.3148(1) provides for attorney fees in this circumstance and the trial court found the fees sought to be reasonable.

Affirmed.

WILDER, P.J., dissenting, stated that the award of attorney fees is clearly erroneous and should be reversed because the jury did not find that any benefits were overdue at the time of trial and, even if an award of attorney fees was permissible, the award should have been for only the attorney fees that were attributable to the recovery of overdue benefits. The jury determined that the $42,755 it awarded for wage loss was not overdue. Where a jury fails to award penalty interest on benefits it awards at trial, those benefits are not overdue and the plaintiff's attorney is not entitled to an award of fees.

1. INSURANCE — NO-FAULT — DELAY IN PAYMENT OF CLAIMS — ATTORNEY FEES.

An insurer is required to pay an insured's attorney fees in a no-fault automobile insurance action for personal or property protection insurance benefits where the insurer unreasonably refused to pay benefits or unreasonably delayed in making proper payment and those benefits were overdue; a refusal or delay in making payments is not unreasonable if it is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty (MCL 500.3148[1]).

2. INSURANCE — DELAY IN PAYMENT OF CLAIMS — ATTORNEY FEES.

The proper inquiry in determining whether a no-fault automobile insurer unreasonably refused to pay the insured's claim for overdue personal or property protection insurance benefits or unreasonably delayed in making proper payment and therefore is responsible for the insured's attorney fees is whether the insurer's initial refusal to pay the expense was unreasonable, not whether

the insurer is ultimately held responsible for a given expense; an insurer may be found to have unreasonably refused to pay benefits even if the insurer is later deemed not liable for them (MCL 500.3148[1]).

*Joliat, Tosto, McCormick & Bade, PLC* (by *Peter M. Bade*), for the plaintiffs.

*Garan Lucow Miller, P.C.* (by *Megan K. Cavanagh* and *Daniel S. Saylor*), for the defendant.

Before: WILDER, P.J., and SAWYER and DAVIS, JJ.

DAVIS, J. In this no-fault insurance action, defendant appeals both the trial court's decision to grant plaintiff attorney fees and costs and the amount of attorney fees and costs awarded to plaintiff. We affirm.

Plaintiff Hattie Moore was involved in an automobile accident on September 27, 2000. Plaintiff was driving her automobile on I-475, when her automobile was struck on the passenger side by a pickup truck. Plaintiff lost control of her vehicle and crashed into the freeway median. Plaintiff fractured her right kneecap and impinged her right shoulder. The driver of the pickup truck fled the accident scene. Plaintiff filed an application for benefits with defendant insurer, seeking wage loss and first-party personal injury protection (PIP) benefits. Plaintiff also sought uninsured motorist benefits for pain and suffering. Defendant paid wage loss and injury benefits for approximately one year, and then stopped. Plaintiff brought suit.[1] A jury awarded plaintiff $50,000 in noneconomic damages on the uninsured motorist claim, and $42,755 for unpaid wage loss for the PIP claim. In addition, the jury awarded plaintiff

---

[1] Although the plaintiff's husband also brought a derivative claim, for ease of reference, Hattie Moore will be referred to as the plaintiff throughout this opinion.

$98.71 in penalty interest for overdue wage loss benefits. After the trial, plaintiff moved for attorney fees pursuant to MCL 500.3148. The trial court granted plaintiff's motion and awarded plaintiff $79,415 in attorney fees and costs. Defendant appeals, arguing that it was clear error to award attorney fees and that, in any event, the amount awarded was an abuse of discretion.

We review for clear error a trial court's finding that an insurance company unreasonably refused to pay benefits and its decision to award attorney fees under MCL 500.3148(1). *Attard v Citizens Ins Co of America*, 237 Mich App 311, 316-317; 602 NW2d 633 (1999); *Beach v State Farm Mut Automobile Ins Co*, 216 Mich App 612, 628; 550 NW2d 580 (1996). A finding is clearly erroneous when, even if there is evidence in the record to support it, this Court is left with the definite and firm conviction that a mistake has been made by the trial court. *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 24; 684 NW2d 391 (2004); *Christiansen v Gerrish Twp*, 239 Mich App 380, 387; 608 NW2d 83 (2000). We review for an abuse of discretion the amount of attorney fees awarded. *Wood v Detroit Automobile Inter-Ins Exch*, 413 Mich 573, 587-588; 321 NW2d 653 (1982). An abuse of discretion occurs when the trial court's decision results in an outcome that falls outside the principled range of outcomes. *Radeljak v Daimler-Chrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

The statutory basis for the award of attorney fees in this case is MCL 500.3148(1), which provides:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

The plain language of this statute provides for the assessment of attorney fees if a plaintiff's benefits are owed by a defendant insurer, payment of those benefits is overdue, and the defendant insurer's delay was unreasonable. However, expenses cannot be overdue unless they are "incurred"; to "incur" means " 'to become liable or subject to, [especially] because of one's own actions.' " *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 484; 673 NW2d 739 (2003) (citation omitted). Benefits are overdue if they are not paid within 30 days after the insurer received reasonable proof of the fact of the loss and the amount of the loss. MCL 500.3142(2). "If the insurer's refusal or delay in payment is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty, the refusal or delay will not be found unreasonable under MCL 500.3148(1) . . . ." *Beach, supra* at 629. Overdue benefits give rise to a rebuttable presumption of unreasonable refusal or undue delay. *Combs v Commercial Carriers, Inc*, 117 Mich App 67, 73; 323 NW2d 596 (1982). Payment of attorney fees in a no-fault case requires that the insurer unreasonably refused to pay benefits and that those benefits were overdue. *Roberts v Farmers Ins Exch*, 275 Mich App 58, 66-67; 737 NW2d 332 (2007).

Defendant does not contend that it did not pay the benefits at issue. Rather, defendant contends that it did not receive reasonable proof of the fact and amount of plaintiff's loss until trial, so the benefits were not "overdue." However, plaintiff in fact filed an "applications of benefits" form with defendant in December 2000, and plaintiff's employer provided employment information indicating plaintiff's wage history. "The statute requires only *reasonable* proof of the amount of loss, not exact proof. MCL 500.3142(2)." *Williams v AAA Michigan*, 250 Mich App 249, 267; 646 NW2d 476

(2002) (emphasis in original). Defendant argues that it reasonably refused to make payments because there existed a legitimate factual uncertainty about plaintiff's injuries. Defendant relies on its retention of a doctor to conduct an independent medical examination (IME) of plaintiff and that doctor's opinion that plaintiff's injuries from the accident had healed and that her other pain was caused by preexisting conditions. However, defendant did not contact plaintiff's treating physicians and did not disclose the IME doctor's report to plaintiff's treating physicians. The trial court concluded that defendant knew that other doctors had been involved and that it was "incumbent upon the carrier to go beyond" just the IME doctor's opinion and "could have sought further information before exercising the draconian termination of critical benefits for one who is injured." We agree.

This Court has recently reaffirmed that a refusal to pay benefits will not be "unreasonable" if " 'the refusal or delay is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty.' " *Roberts, supra* at 67, quoting *McCarthy v Auto Club Ins Ass'n*, 208 Mich App 97, 103; 527 NW2d 524 (1994). We are unaware of any outstanding legal or constitutional uncertainties defendant might have had. More importantly, the genesis of the above definition of unreasonableness is in *Liddell v Detroit Automobile Inter-Ins Exch*, 102 Mich App 636, 650; 302 NW2d 260 (1981). In that case, this Court upheld the trial court's award of attorney fees under MCL 500.3148 on the basis of the refusal of the defendant insurer to reconcile the opinion of one doctor that the plaintiff's injuries from an accident no longer precluded him from employment with the contradictory opinions of the plaintiff's treating physicians. *Liddell, supra* at 641, 650-651. Here, as in *Liddell*, defendant

insurer terminated plaintiff's work loss benefits without attempting to reconcile the opinions of its independent medical examiner and plaintiff's treating physicians. In fact, defendant did not even contact plaintiff's treating physicians after receiving the IME report, and it did not disclose the IME report to plaintiff's treating physicians. Furthermore, plaintiff's physicians had not communicated to defendant any change in their initial diagnosis. Under these circumstances, the trial court did not clearly err in finding that defendant unreasonably terminated plaintiff's benefits and, therefore, in awarding plaintiff attorney fees and costs pursuant to MCL 500.3148.

Several unpublished opinions of this Court, although not binding pursuant to MCR 7.215(C)(1), have reached similar results. In *Clack v Allstate Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued January 23, 1998 (Docket No. 192420), this Court affirmed a finding that an insurer's denial of benefits was unreasonable where the insurer never attempted to resolve the conflict between the plaintiff's doctors' recommendation for treatment and the IME doctor's recommendation. In *Hannawi v American Fellowship Mut Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued November 12, 1999 (Docket No. 207629), this Court upheld a finding that the insurer unreasonably denied benefits where the IME doctor failed to find evidence of a herniated disc, the plaintiff's doctors subsequently found such evidence through an MRI (magnetic resonance imaging) examination, and the insurer continued to deny benefits. In *Villegas v Allstate Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued July 29, 2003 (Docket No. 235512), the plaintiff's doctors opined that the plaintiff's injury was caused by an automobile accident, the IME doctor opined that some of the

plaintiff's symptoms may have been unrelated to the accident, and this Court upheld a finding that the denial of benefits solely on the basis of the latter opinion was unreasonable. By way of contrast, in *Stoops v Farm Bureau Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued March 23, 2006 (Docket Nos. 260454, 261917), this Court overturned a finding of unreasonableness where some of the plaintiff's own doctors actually supported the insurer's decision to terminate benefits and private investigators determined that the plaintiff was performing activities she claimed caregivers were required to perform. We find these cases persuasive. Again, we conclude that the trial court properly found the denial of benefits here unreasonable where defendant made no inquiry beyond the opinion of its own IME doctor.

The next question is whether those benefits were overdue. The jury's $98.71 penalty interest award, at the 12 percent rate specified by the trial court, is suggestive of a finding that defendant unreasonably delayed payment of only $822.52, or one week of work loss benefits. The necessary corollary to this finding is that the jury found the remainder of its $42,755 award for unpaid wage loss not to be overdue. We decline the invitations to speculate regarding why the jury so found, or to conclude that this is such a *de minimis* amount so as to be tantamount to a finding that no payments were overdue. The jury is the finder of fact, and we will not second-guess it. Again, it was determined below that the denial of benefits was unreasonable, and the jury found at least some of the benefit payments overdue. The conditions for an award of attorney fees were therefore satisfied. *Roberts, supra* at 66-67.

Finally, defendant argues that the trial court abused its discretion in awarding plaintiff $79,415 in attorney fees when the jury awarded plaintiff only $98.71 in penalty interest. We disagree.

We first note that the attorney fee award itself was determined to be reasonable. There is no precise formula for computing the reasonableness of attorney fees, but the factors to be considered include: (1) the professional standing and experience of the plaintiff's attorney; (2) the skill, time, and labor involved in the plaintiff's no-fault claim; (3) the amount in question and the results achieved by the plaintiff's attorney; (4) the difficulty of the no-fault case; (5) the expenses incurred; and (6) the nature and length of the professional relationship between the plaintiff's attorney and the plaintiff. *Wood, supra* at 588. Plaintiff's attorney provided information about the skill, time, and labor involved in plaintiff's no-fault claim, the result he achieved for plaintiff, the difficulty of the case, and the expenses he incurred for plaintiff. The record created by plaintiff's attorney supports the amount of fees and costs awarded by the trial court. The mere fact that it is disproportionate to the amount of penalty interest is not relevant to the time and effort expended by plaintiff's attorney, the amount of the jury award on plaintiff's PIP claim, or the expenses incurred by plaintiff's attorney in securing that award. This is particularly true given the trial court's correct finding that defendant's termination of plaintiff's benefits was unreasonable. The decision by the trial court fell within the principled range of outcomes, so the trial court did not abuse its discretion when it determined the amount of awardable attorney fees.

Defendant nevertheless argues that the maximum to which plaintiff could be entitled is the *portion* of attor-

ney fees directly attributable to securing the $98.71 penalty interest award, and no more. We find no support for this position in the plain language of the statute. Under, MCL 500.3148(1), attorney fees are available "for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue." Thus, the first condition for an award of attorney fees is that *the action is for overdue benefits*. For a benefit to be "overdue," the insurer must have become liable to pay it. *Proudfoot, supra* at 483-485. The second condition is that "the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." The Legislature's use of the words "the claim" indicates that an insurer must have failed to pay all of it, but the Legislature's use of "delayed in making proper payment," in contrast, indicates that only *some* payment need be delayed. Furthermore, *this* inquiry "is not whether the insurer ultimately is held responsible for a given expense, but whether its initial refusal to pay the expense was unreasonable." *McCarthy, supra* at 105. It is therefore possible for an insurer to unreasonably refuse to pay benefits even if the insurer is later deemed not liable for them.

Defendant points out that in *Proudfoot*, our Supreme Court permitted an attorney fee award only for an architect's fee that the plaintiff had paid and that the defendant insurer had not repaid. The Court reversed an award of attorney fees for the cost of modifying the plaintiff's home, which the plaintiff had not yet incurred. Our Supreme Court emphasized that attorney fees were only available in an " 'action for personal or property protection insurance benefits *which are overdue*.' " *Proudfoot, supra* at 485, quoting MCL 500.3148(1) (emphasis added by the *Proudfoot* Court). "Thus, attorney fees are payable only on *overdue* ben-

efits for which the insurer has unreasonably refused to pay or unreasonably delayed in paying." *Proudfoot, supra* at 485 (emphasis in original). But the significant issue in *Proudfoot* was that none of the modification expenses could be "overdue" because the defendant insurer had not yet become liable for any of them, in turn because the plaintiff had not yet incurred them. *Id.* at 483-484. In this case, defendant insurer *was* found liable for unpaid benefits and found to have unreasonably refused to pay or unreasonably delayed in paying. The fact that the jury apparently determined that only some of the benefits were actually overdue does not negate this being "an action for personal or property protection insurance benefits which are overdue." MCL 500.3148(1). The statute provides for attorney fees in such a circumstance, and the trial court found the fees sought to be reasonable.

Affirmed.

SAWYER, J., concurred.

WILDER, P.J. *(dissenting)*. In this action for first-party personal protection insurance benefits[1] and uninsured motorist coverage, defendant appeals as of right the trial court's award of attorney fees. I would conclude that the award of attorney fees is clearly erroneous as a matter of law, and would reverse (or at least vacate the award and remand for further proceedings), because (1) the jury did not find that any benefits were overdue at the time of trial and (2) even if the attorney fees were permissible in light of the jury's verdict, the trial court

---

[1] "What are commonly called 'PIP benefits' are actually personal protection insurance (PPI) benefits by statute. MCL 500.3142. However, lawyers and others call these benefits PIP benefits to distinguish them from property protection insurance benefits." *Roberts v Farmers Ins Exch*, 275 Mich App 58, 66 n 4; 737 NW2d 332 (2007).

erred by failing to determine which portion of the total attorney fees were attributable to the recovery of overdue benefits. Therefore, I respectfully dissent.

I

The accident at issue occurred in September 2000. Plaintiff Hattie Moore[2] fractured her right kneecap in the accident, causing a bone chip. Plaintiff had a preexisting osteoarthritic condition in her knees. Dr. Norman Walter, an orthopedic surgeon, had begun treating plaintiff's pain in her knees in November 1999. Dr. Walter testified that in February 2000 plaintiff was considering knee replacement surgery and injection treatments.

In January 2001, plaintiff underwent surgery to remove the bone fragment in her right knee. Following the surgery, Dr. Walter noted that plaintiff's right knee had improved. Dr. Walter was uncertain whether plaintiff's problems with her left knee were related to the accident.

Thereafter, defendant Secura Insurance appointed a nurse case manager to help determine plaintiff's ability to work. Dr. Walter twice failed to respond to the manager's request for information regarding work restrictions. Secura then had Dr. Charles Xeller conduct an independent medical examination (IME) in September 2001. In his October 4, 2001, report, Dr. Xeller concluded: plaintiff could return to work with certain restrictions; plaintiff would require total knee replacement of the left knee, not because of the accident, but because of osteoarthritic degeneration; plaintiff had

---

[2] Although the plaintiff's husband also brought a derivative claim, for ease of reference, Hattie Moore will be referred to as the plaintiff throughout this opinion.

good results from the surgery; and no further treatment was needed for the orthopedic complaints relating to the accident. In a supplemental report dated October 17, 2001, Dr. Xeller concluded that plaintiff's shoulder complaints were preexisting and not related to the accident.

Meanwhile, Secura had been paying wage loss and personal injury benefits for over a year following the accident. But, as a result of Dr. Xeller's October 2001 IME reports, Secura discontinued plaintiff's first-party benefits in November 2001 on the basis that reasonable proof of the claim no longer existed. Secura contends that before plaintiff commenced this action, it paid plaintiff first-party benefits that had become overdue when a computer glitch delayed issuance and delivery of those benefits to plaintiff.

In April 2002, plaintiff filed this action to recover additional first-party benefits (plus uninsured motorist coverage, which is not at issue here). At trial, with respect to first-party benefits, plaintiff sought (1) approximately $96,000 in wage loss, (2) approximately $21,000 for household/replacement services, and (3) penalty interest of over $11,000. The jury awarded $98.71 in penalty interest, $42,755 for unpaid wage loss benefits, and $50,000 in non-economic damages for uninsured motorist coverage.

Plaintiff brought a motion for attorney fees under MCL 500.3148, arguing that the benefits awarded by the jury had been overdue and that Secura unreasonably denied or delayed payment of her wage loss claims. The trial court agreed and awarded plaintiff attorney fees and costs of $79,415.

II

Attorney fees generally are not recoverable from the losing party in the absence of an exception set forth in

a statute or court rule authorizing such an award. *Haliw v Sterling Hts*, 471 Mich 700, 707; 691 NW2d 753 (2005). "Exceptions to the doctrine that attorney fees are not recoverable are narrowly construed." *Spectrum Health v Grahl*, 270 Mich App 248, 253; 715 NW2d 357 (2006).

Under MCL 500.3148(1), "[a]n attorney is entitled to a reasonable fee for advising and representing a claimant *in an action for personal . . . protection insurance benefits which are overdue.*" (Emphasis added.) Attorney fees are awardable "if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." *Id.*

"Well-established principles guide this Court's statutory [or court rule] construction efforts. We begin our analysis by consulting the specific [statutory] language at issue." *Provider Creditors Comm v United American Health Care Corp*, 275 Mich App 90, 95; 738 NW2d 770 (2007) (internal quotation marks and citations omitted). "This Court gives effect to the Legislature's intent as expressed in the statute's terms, giving the words of the statute their plain and ordinary meaning." *McManamon v Redford Charter Twp*, 273 Mich App 131, 135; 730 NW2d 757 (2006), citing *Willett v Waterford Charter Twp*, 271 Mich App 38, 48; 718 NW2d 386 (2006). "When the language poses no ambiguity, this Court need not look beyond the statute or construe the statute, but need only enforce the statute as written." *McManamon, supra* at 136. "This Court does not interpret a statute in a way that renders any statutory language surplusage . . . ." *Id.*, citing *Pohutski v City of Allen Park*, 465 Mich 675, 684; 641 NW2d 219 (2002).

Under the unambiguous language of MCL 500.3148(1), there are two requirements for an award of attorney fees in a no-fault case: (1) the insurer

unreasonably refused to pay or delayed paying the benefits, and (2) the benefits were overdue. *Roberts v Farmers Ins Exch*, 275 Mich App 58, 66-67; 737 NW2d 332 (2007) (" 'Attorney fees are payable only on overdue benefits for which the insurer has unreasonably refused to pay or unreasonably delayed in paying.' ") (citation and emphasis omitted). I conclude that the second of these two requirements is not satisfied here.

A

MCL 500.3142(2) provides that "[p]ersonal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." Here, the trial court instructed the jury[3] as follows:

> Plaintiff is entitled to 12% interest on any benefit you find overdue. Benefits are overdue if not paid within 30 days after reasonable proof of the fact and amount of the loss has been provided to the insurance company. . . . If reasonable proof is not supplied as to the entire claim, *you shall award interest as to all benefits for which reasonable proof was supplied.*" [Emphasis added.]

The jury awarded plaintiff $42,755 for wage loss. However, the jury awarded only $98.71 of penalty interest for overdue benefits. Thus, the jury necessarily concluded that Secura unreasonably delayed payment of only $822.52,[4] one week of wage loss benefits for which reasonable proof was provided.[5]

---

[3] The majority does not conclude or suggest that the trial court's instruction to the jury on the law governing this issue was erroneous. Neither do I.

[4] $98.71 is 12 percent of $822.52.

[5] The majority agrees that the jury award of penalty interest is for one week of delayed work loss benefits.

That the jury awarded plaintiff wage loss benefits in the amount of $42,755 but only $98.71 of penalty interest for overdue benefits is arguably inconsistent. However, a jury verdict must be upheld where " ' "there is an interpretation of the evidence that provides a logical explanation for the findings of the jury." ' " *Allard v State Farm Ins Co,* 271 Mich App 394, 407; 722 NW2d 268 (2006), quoting *Bean v Directions Unlimited, Inc,* 462 Mich 24, 31; 609 NW2d 567 (2000), quoting *Granger v Fruehauf Corp,* 429 Mich 1, 7; 412 NW2d 199 (1987). During the trial, evidence was introduced that during the time that Secura did not dispute plaintiff's entitlement to wage loss benefits, there was a three-month period during which Secura admittedly did not timely pay those benefits, allegedly because of a computer malfunction. Secura argued that only those wage loss benefits were overdue, and that because those overdue benefits had been paid well before the litigation commenced, the penalty interest owed on those admittedly overdue benefits was capped at $121.50. The jury's award of only $98.71 in penalty interest constitutes an acceptance of Secura's theory of the case that only the benefits actually paid before trial were overdue and thus entitled to interest. More importantly, the penalty interest award logically constitutes a rejection by the jury of the plaintiff's theory that plaintiff provided reasonable proof to Secura that the continued payment of wage loss benefits was warranted. If the jury had concluded that reasonable proof of wage loss had been provided to Secura at the time it discontinued wage loss benefits, the jury was required to award, and would have awarded, penalty interest on the $42,755 it awarded plaintiff for wage loss. The jury obviously determined that the $42,755

it awarded plaintiff for wage loss was not overdue, and followed the trial court's instructions accordingly.[6]

The majority characterizes as not "clearly erroneous" the trial court's finding that Secura's decision to terminate benefits after failing to "go beyond" the opinion of the IME doctor by consulting with the treating physicians or obtaining other information was unreasonable. I disagree, and would conclude, instead, that this finding is legally erroneous. The jury found that the $42,755 it awarded plaintiff for wage loss was not overdue, because it did not award penalty interest on that amount. Under MCL 500.3148(1), an attorney is only entitled to a fee award for advising and representing a claimant *"in an action for . . . benefits which are overdue."* (Emphasis added.) The statute does not permit recovery of an attorney fee in an action in which the plaintiff is awarded benefits that were reasonably in dispute, i.e., were not yet overdue. *Roberts, supra.*

My conclusion is consistent with this Court's holding in *Beach v State Farm Mut Automobile Ins Co,* 216 Mich App 612, 615; 550 NW2d 580 (1996). In that case, State Farm paid benefits for approximately three years following the accident in which Beach severely injured his face and head. Thereafter, the Department of Social Services referred Beach to a psychologist to determine his eligibility for a program to exchange volunteer work for welfare benefits. *Id.* The psychologist concluded that the residual effects of the accident had exacerbated Beach's preexisting learning disabilities, and recommended vocational and other rehabilitation services. *Id.*

---

[6] As noted above, the trial court instructed the jury that "[i]f reasonable proof is not supplied as to the entire claim, *you shall award interest as to all benefits for which reasonable proof was supplied."* [Emphasis added.]

According to State Farm, Beach dropped out of school in the eighth grade, had low intelligence test scores, and suffered a prior closed head injury in a motorcycle accident. *Id.* State Farm refused to pay for the rehabilitation treatment because it could not determine whether the need for rehabilitation was related to the accident. *Id.* "Thus, because plaintiff could not establish the origin of the problems he suffered with respect to his general cognitive functioning, defendant refused to pay the rehabilitation bills." *Id.* at 616.

Beach sued for payment of the rehabilitation bills incurred, as first-party benefits, and for a declaratory judgment that State Farm was responsible for his future rehabilitation. *Id.* The jury awarded Beach $17,500, and found that Beach was entitled to future vocational counseling, psychiatric or psychological care, and therapy for traumatic brain injury, but refused to require State Farm to pay for Beach's future physical therapy or pay a no-fault interest penalty. *Id.* On the basis of the jury's refusal to award interest, the trial court denied Beach's request for attorney fees under MCL 500.3148(1), even though the trial court concluded that the refusal to pay was unreasonable. *Id.*

We affirmed that decision. *Beach, supra* at 628. This Court honored the jury's finding that benefits were not overdue (necessarily implicit in its failure to award penalty interest), and concluded:

> [W]e find that the jury's determination that plaintiff's benefits were not "overdue" for purposes of the no-fault penalty interest provision, MCL 500.3142 . . . , precluded the trial court from awarding plaintiff his attorney fees pursuant to MCL 500.3148(1) . . . because the attorney fees are only payable where personal . . . protection insurance benefits are "overdue." [*Id.* at 630.]

The caselaw is clear; where a jury fails to award penalty interest on benefits it awards at trial, those benefits are not overdue and the plaintiff's attorney is not entitled to an award of fees. *Id.*

The facts here parallel those in *Beach*. The benefits the jury awarded were not overdue. As a matter of law, under MCL 500.3148(1), plaintiff was not entitled to attorney fees, given the jury's findings.[7]

B

Even if the jury verdict could be construed as having awarded penalty interest on overdue benefits not already paid before this litigation commenced, plaintiff still would only be entitled to the attorney fees attributable to the recovery of overdue benefits. *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 485; 673 NW2d 739 (2003).

In *Proudfoot, supra* at 478, the plaintiff's leg was amputated above the knee as a result of an accident. Home modifications were sought to accommodate her wheelchair. *Id.* State Farm refused to pay the architect's bill ($815.10, which the plaintiff had paid) and the *estimated* cost of the home modifications ($250,000). *Id.* The jury found that the modifications were reasonably necessary and awarded $220,500, in addition to the $815.10. *Id.* at 479. The trial court awarded attorney fees of $69,300 and costs of $7,597.23. *Id.* at 480. The Supreme Court held that the attorney fee award was erroneous. *Id.* at 485. The Court explained: "[A]ttorney

---

[7] Plaintiffs rely on *Ivezaj v Auto Club Ins Ass'n*, 275 Mich App 349; 737 NW2d 807 (2007). This reliance is misplaced. *Ivezaj* only addressed whether the insurer's denial of benefits was reasonable, not whether the action was for overdue benefits. Because I would conclude that the jury's verdict necessarily indicates that there were no benefits overdue at the time litigation was commenced, *Ivezaj* does not apply here.

fees are payable only on *overdue* benefits for which the insurer has unreasonably refused to pay or unreasonably delayed in paying. Here, *plaintiff was entitled only to those reasonable attorney fees that were attributable to the $815.10 architect's fee." Id.* (second emphasis added).

In *Proudfoot*, the $220,500 home modification expense was not overdue (indeed it was not even incurred). Therefore, the Supreme Court found that the part of the attorney fee award attributable to the modification expense was erroneous. *Id.* at 485. *Proudfoot* makes it clear that where a jury awards first-party no-fault benefits and finds that only some were overdue, an attorney fee award may only include the fee amount attributable to recovering the overdue benefits. *Id.* at 485.

In my view, *no* part of the $79,415 in attorney fees and costs in this case was attributable to collecting the $822.52 overdue benefit, because that overdue benefit was paid long before litigation. Nevertheless, the trial court did not even attempt to determine what portion of the attorney fee was attributable to collecting the $822.52 in overdue benefits necessarily found by the jury.[8]

Thus, under *Proudfoot*, the trial court clearly erred in awarding the full $79,415 in attorney fees and costs. I agree with defendant that, at the very least, plaintiff is required to identify which portion of the requested attorney fees was attributable to the recovery of either an overdue benefit or the $98.71 in interest on an overdue benefit.

---

[8] Plaintiffs again rely on *Ivezaj, supra*, which I believe is not applicable. *Ivezaj* did not cite, discuss, or distinguish *Proudfoot*, suggesting that because *Proudfoot* cannot be overruled by this Court, *Ivezaj* addressed an entirely different issue.

III

I would find that the trial court erred as a matter of law in granting attorney fees, because the jury did not award overdue benefits to the plaintiff. Alternatively, even if the majority is correct that attorney fees were permissible in light of the jury's verdict, the trial court erred in failing to determine what portion of the attorney fee was attributable to the recovery of overdue benefits. I would reverse, or at least vacate the $79,415 award, and remand for a determination of what portion of the attorney fees was attributable to securing overdue benefits.