SPECTRUM HEALTH v GRAHL

Docket No. 264185. Submitted February 7, 2006, at Grand Rapids. Decided March 14, 2006, at 9:05 a.m.

Spectrum Health brought an action in the Kent Circuit Court against Kimberly Grahl and Titan Insurance Company, seeking payment for medical services rendered to Grahl after she was injured in an automobile accident. The Michigan Assigned Claims Facility had assigned Grahl's claim for no-fault personal protection insurance benefits to Titan Insurance Company pursuant to MCL 500.3172(1) when she asserted that no insurance policy covered the accident. Titan then paid Spectrum and filed a third-party claim against Farmers Insurance Exchange, alleging no-fault insurance coverage for Grahl under her estranged husband's policies with Farmers. Titan and Farmers both filed third-party complaints against Health Alliance Plan of Michigan, asserting that Grahl also had health insurance coverage under a Health Alliance plan. Titan moved for summary disposition regarding its claim against Farmers. Before the motion hearing, Farmers paid Titan the amount the latter had paid to Spectrum. The court, Dennis B. Lieber, J., granted the motion and awarded Titan costs, attorney fees, and interest relating to its claim against Farmers. Farmers appealed the award.

The Court of Appeals *held*:

The circuit court erred in granting Titan costs, attorney fees, and interest against Farmers.

1. MCL 500.3172(1) does not include costs, attorney fees, and interest from a higher-priority insurer as part of the general right to reimbursement of the assigned claims insurer. Costs, attorney fees, and interest may be part of an assigned claims insured's reimbursement under MCL 500.3172(3), but that subsection does not apply in this case because it requires an inability to ascertain the obligation to provide personal protection insurance benefits because of a dispute between two or more insurance companies concerning their obligation to provide coverage. Titan was not assigned the claim because of a dispute between two or more

insurers. Thus, MCL 500.3172(3) does not apply and recovery of costs, attorney fees, and interest is unavailable to Titan under that subsection.

2. Recovery of attorney fees has been allowed in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct, and has also been permitted where a defendant's wrongful conduct has forced a party to incur legal expenses in prior litigation with a third party. Farmers' delay in reimbursing Titan until after the parties determined that Farmers, and not Health Alliance, was the higher priority insurer does not amount to wrongful, fraudulent, or unlawful conduct warranting an equitable award of costs, attorney fees, and interest.

Reversed and remanded for further proceedings.

*Harvey Kruse, P.C.* (by *Lanae L. Monera*), for Titan Insurance Company.

*Wheeler Upham, P.C.* (by *Gary A. Maximiuk* and *Kara A. VerMeulen*), for Farmers Insurance Exchange.

Before: BANDSTRA, P.J., and WHITE and FORT HOOD, JJ.

PER CURIAM. In this no-fault insurance action, Farmers Insurance Exchange appeals as of right the trial court's order granting Titan Insurance Company's motion for summary disposition and requiring Farmers Insurance Exchange to reimburse Titan for costs, attorney fees, and interest under MCL 500.3172(3)(f). We conclude that MCL 500.3172(3) does not apply to this case. Its inapplicability results from the fact that the Assigned Claims Facility assigned the insured's claim to Titan because the insured claimed that no personal protection insurance applied to her injury and not because of a dispute between two or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss. Accordingly, the trial court erred in granting Titan costs, attorney fees, and interest under the statute. We reverse.

BACKGROUND FACTS

Kimberly Grahl was injured in an accident while driving a car owned by James Cadzow. She was taken to Spectrum Health for treatment. Grahl believed she did not have any insurance to cover her medical expenses and, further, that Cadzow did not have insurance on the vehicle on the day of the accident. She also claimed that she did not live with anyone who had automobile insurance and that neither she nor her husband, from whom she was separated, carried any applicable insurance. Consequently, in June 2003, she filed an application for bodily injury benefits with the Michigan Assigned Claims Facility, which, in July 2003, assigned the claim to Titan.

When Titan failed to pay Grahl's medical bills, Spectrum Health commenced the underlying action. In December 2003, Titan filed a third-party claim against Farmers, claiming that Grahl had no-fault coverage under motor vehicle insurance policies her estranged husband held with Farmers. Farmers contested the claims, and the parties commenced litigation to determine if Grahl was covered under the Farmers policy. Titan paid Spectrum Health in April 2004, and Spectrum dismissed its claims against Titan. In June 2004, Titan and Farmers both filed third-party complaints against Health Alliance Plan of Michigan, asserting that Grahl also had health insurance coverage under a Health Alliance plan at the time of the accident.

In April 2005, Titan moved for summary disposition regarding its claims against Farmers, contending that Farmers was a higher-priority insurer than Titan and therefore should reimburse Titan the amount it had paid to Spectrum, along with costs, attorney fees, and interest under MCL 500.3172. Before the motion for summary disposition was heard by the trial court,

Farmers reimbursed Titan the amount it had paid to Spectrum. However, Farmers contended that MCL 500.3172 did not impose a duty on Farmers to reimburse costs, attorney fees, and interest incurred by Titan during the course of the litigation. The trial court rejected that argument and granted Titan's motion for summary disposition, awarding it $16,784.99 to cover costs, attorney fees, and interest incurred in pursuing its claim against Farmers. The court's final order also dismissed Farmers' and Titan's claims against Health Alliance. Farmers now brings this appeal.[1]

ANALYSIS

We review de novo the trial court's grant of summary disposition under MCR 2.116(C)(10). *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). We also review de novo questions of law involving statutory interpretation. *Michigan Muni Liability & Prop Pool v Muskegon Co Rd Comm'rs*, 235 Mich App 183, 189; 597 NW2d 187 (1999). When construing the provisions of a statute, our primary task is to discern and give effect to the intent of the Legislature. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted." *Id.*

MCL 500.3172(1) allows an uninsured person to obtain personal protection insurance benefits through an assigned claims plan under four situations:

A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, mainte-

---

[1] There is no claim raised on appeal that the trial court's dismissal of the claims against Health Alliance was erroneous.

nance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through an assigned claims plan if [1] no personal protection insurance is applicable to the injury, [2] no personal protection insurance applicable to the injury can be identified, [3] the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or [4] the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. In such case unpaid benefits due or coming due are subject to being collected under the assigned claims plan, and the insurer to which the claim is assigned, or the assigned claims facility if the claim is assigned to it, is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility.

Titan was assigned Grahl's claim because, at the time of the assignment, both Grahl and the Assigned Claims Facility were unable to identify any other source of personal protection insurance applicable to cover Grahl's medical expenses. These are the first and second situations identified in the statute. Only when Titan began investigating the claim did it discover that Grahl had personal protection insurance through her estranged husband's policy with Farmers.

Though MCL 500.3172(1) concludes with a reimbursement provision, it does not specify whether the right to reimbursement includes a right to recover costs, attorney fees, and interest. Michigan follows the "American rule" with respect to the payment of costs and attorney fees. *Haliw v Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005). "Under the American rule, attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set

forth in a statute or court rule expressly authorizing such an award." *Id.* at 707. Exceptions to the doctrine that attorney fees are not recoverable are narrowly construed. *Brooks v Rose*, 191 Mich App 565, 575; 478 NW2d 731 (1991). "Recovery has been allowed in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct." *Id.* "Recovery has also been permitted where a defendant's wrongful conduct has forced a party to incur legal expenses in prior litigation with a third party." *Id.* Because MCL 500.3172(1) does not specifically state that the assigned claims insurer can recover costs, attorney fees, and interest from a higher-priority insurer as part of its general right to reimbursement, we conclude that the right to reimbursement granted by this section does not include a right to recover those expenses from a higher-priority insurer.

In contrast, MCL 500.3172(3) specifically allows an assigned claims insurer like Titan to recover costs, attorney fees, and interest under certain limited circumstances:

> If the obligation to provide personal protection insurance benefits cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, and if a method of voluntary payment of benefits cannot be agreed upon among or between the disputing insurers, all of the following shall apply:
>
> (a) The insurers who are parties to the dispute shall, or the claimant may, immediately notify the assigned claims facility of their inability to determine their statutory obligations.
>
> (b) The claim shall be assigned by the assigned claims facility to an insurer which shall immediately provide personal protection insurance benefits to the claimant or claimants entitled to benefits.

(c) An action shall be immediately commenced on behalf of the assigned claims facility by the insurer to whom the claim is assigned in circuit court for the purpose of declaring the rights and duties of any interested party.

(d) The insurer to whom the claim is assigned shall join as parties defendant each insurer disputing either the obligation to provide personal protection insurance benefits or the equitable distribution of the loss among the insurers.

(e) The circuit court shall declare the rights and duties of any interested party whether or not other relief is sought or could be granted.

(f) After hearing the action, the circuit court shall determine the insurer or insurers, if any, obligated to provide the applicable personal protection insurance benefits and the equitable distribution, if any, among the insurers obligated therefor, and shall order reimbursement to the assigned claims facility from the insurer or insurers to the extent of the responsibility as determined by the court. The reimbursement ordered under this subdivision shall include all benefits and costs paid or incurred by the assigned claims facility and all benefits and costs paid or incurred by insurers determined not to be obligated to provide applicable personal protection insurance benefits, including reasonable attorney fees and interest at the rate prescribed in section 3175 as of December 31 of the year preceding the determination of the circuit court.

Titan argues that MCL 500.3172(3)(f) permits it to recover costs, attorney fees, and interest from Farmers because those expenses arose from a dispute between Farmers and Titan regarding the payment of personal protection insurance benefits. Titan contends that the terms of MCL 500.3172 do not limit such reimbursement

to situations where a claim is assigned to the Assigned Claims Facility because of a dispute between two or more insurance companies. Rather, Section 3172(3) provides

that if the obligation to provide [personal protection insurance] benefits cannot be determined because of a <u>dispute</u> between two or more insurers, then the court shall determine who is responsible and shall order reimbursement, which <u>shall</u> include costs, attorney fees and interest. In this case, Farmers disputed that it was responsible for paying [personal protection insurance] benefits. Accordingly, the circuit court properly ordered Farmers to reimburse Titan after Farmers finally admitted that it was first in priority for payment of [personal protection insurance] benefits.

A plain reading of MCL 500.3172 does not support Titan's interpretation. By its terms, MCL 500.3172(3) only applies "[i]f the obligation to provide personal protection insurance benefits cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage . . . ." When such a dispute occurs, MCL 500.3172(3) establishes a procedure by which a claimant is provided personal protection insurance benefits while the insurers resolve their dispute. The disputing insurers must notify the Assigned Claims Facility of their dispute, and only at that time does the Assigned Claims Facility assign an insurer to provide personal protection insurance benefits. MCL 500.3172(3)(f) requires insurers to reimburse the Assigned Claims Facility to the extent of their responsibility for benefits coverage, and to include in this reimbursement costs, attorney fees, and interest, but only when the Assigned Claims Facility was brought in to provide personal protection insurance benefits because the insurers earlier identified as sources of coverage dispute their respective obligations to provide this coverage.

Titan was assigned this claim because, at the time the Assigned Claims Facility received Grahl's application for benefits, neither Grahl nor the Assigned Claims Facility could identify any personal protection insur-

ance applicable to Grahl's automobile accident. Titan only discovered Farmers' potential obligation to provide personal protection benefits to Grahl after the Assigned Claims Facility assigned Titan the claim. Titan was not assigned this claim because a dispute between two or more insurers regarding their respective obligations to provide insurance coverage meant that the applicable personal protection insurance could not be ascertained. Therefore, the provisions of MCL 500.3172(3) do not apply, and Titan is not eligible to recover costs, attorney fees, and interest under MCL 500.3172(3)(f).

This understanding of MCL 500.3172(3) is consistent with the provisions of MCL 500.3172(1). As discussed earlier, that section allows an uninsured person to obtain personal protection insurance benefits through an assigned claims plan under four situations. The first situation described in MCL 500.3172(1) is at issue here because Grahl obtained assigned claim benefits on the basis of her assertion that "no personal protection insurance" could be identified as applying to her injury. MCL 500.3172(3) does not allow the recovery of costs and attorney fees when benefits are obtained under the first and second situations described in MCL 500.3172(1). Instead, the limiting "if" clause of MCL 500.3172(3) provides that costs, attorney fees, and interest are only recoverable where the personal protection insurance applicable to the injury "cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss . . . ." That statutory language is identical to the third situation described in MCL 500.3172(1). Because this case does not present that situation, there is no statutory authorization for the recovery of costs, attorney fees, and interest by Titan from Farmers. Further, our understanding of the statute is consistent with

dicta stated by another panel of our Court in *Spencer v Citizens Ins Co*, 239 Mich App 291, 303-304; 608 NW2d 113 (2000).

We reject Titan's argument that MCL 300.3172 is ambiguous because reasonable minds could differ regarding the meaning of the statute. That is not the proper test for determining whether a statute is ambiguous. *Lansing Mayor v Pub Service Comm*, 470 Mich 154, 165-166; 680 NW2d 840 (2004); *Fluor Enterprises, Inc v Dep't of Treasury*, 265 Mich App 711, 720-721; 697 NW2d 539 (2005). Further, as the above analysis illustrates, no reasonable person reading the clear language of the statute could conclude that it provides for recovery of costs, attorney fees, and interest under the facts of this case.

We note Titan's claim that interpreting MCL 500.3172 to preclude Titan from recovering all its expenses compromises the Legislature's intent, because the Legislature passed MCL 500.3172 to ensure that assigned claims insurers are reimbursed completely and otherwise made whole when a higher-priority insurer is identified. However, we do not consider such policy arguments when reading and construing the clear provisions of a statute:

> Our task, under the Constitution, is the important, but yet limited, duty to read and interpret what the Legislature has actually made the law. We have observed many times in the past that our Legislature is free to make policy choices that, especially in controversial matters, some observers will inevitably think unwise. This dispute over the wisdom of a law, however, cannot give warrant to a court to overrule the people's Legislature. [*Lansing Mayor, supra* at 161.]

Because MCL 500.3172 clearly limits the circumstances under which an assigned claims insurer may recover

costs, attorney fees, and interest, we must apply the statute as written, without regard to Titan's policy arguments.

As its last claim, Titan asserts that Farmers was not justified in waiting to reimburse Titan, and therefore should be liable for the costs, attorney fees, and interest Titan incurred as a result. Essentially, Titan argues that this Court should, as a matter of equity, allow recovery of these expenses to correct an injustice arising from Farmers' delay in reimbursing Titan.

As previously noted, recovery of attorney fees "has been allowed in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct," and "has also been permitted where a defendant's wrongful conduct has forced a party to incur legal expenses in prior litigation with a third party." *Brooks*, *supra* at 575. However, the record here does not establish that Farmers' delay in reimbursing Titan until after the parties determined that Farmers, and not Health Alliance, was the higher-priority insurer was wrongful, fraudulent, or unlawful. Instead, Titan argues that Farmers should have reimbursed Titan in full and then pursued a claim against Health Alliance, because

> there is no provision in the no-fault act that allows an auto insurer that is first in priority for payment of [personal protection insurance] benefits (in this case, Farmers), to delay reimbursing the assigned-claims insurer (in this case, Titan), on the basis that a health insurer (in this case, [Health Alliance]) may also be liable for the injured party's medical expenses.

Titan points to no statutory provision that obligated Farmers to make a more prompt reimbursement to Titan. The mere lack of statutory authority permitting Farmers to delay payment until the litigation with

Health Alliance was resolved does not establish that Farmers acted wrongfully in delaying payment until the litigation was resolved. We do not conclude that Farmers engaged in sufficiently wrongful conduct to warrant an equitable award of costs, attorney fees, and interest.

### CONCLUSION

We reverse the trial court's order requiring Farmers to pay costs, attorney fees, and interest to Titan. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.