*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEARBORN HILLS CIVIC ASSOCIATION, INC,

Plaintiff-Appellant,

v

GHENWA NASSER, JORAISH DAOUD also known as GORAISH DAOUD and JOURAISH DAOUD, and NASSER BEYDOUN,

Defendants-Appellees.

UNPUBLISHED
May 26, 2022

No. 356608
Wayne Circuit Court
LC No. 19-007919-CH

Before: BORRELLO, P.J., and SHAPIRO and HOOD, JJ.

PER CURIAM.

In this action stemming from a dispute over the enforcement of restrictive covenants, plaintiff appeals as of right the trial court's postjudgment order denying plaintiff's motion for attorney fees. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case involves a parcel of real property in the Dearborn Hills subdivision that is subject to a recorded Declaration of Deed Restrictions. The record contains a warranty deed indicating that the subject property was conveyed to defendants Jouraish Daoud and Ghenwa Nasser, as husband and wife, on November 15, 2017. Plaintiff characterizes itself as a voluntary association of owners of property in Dearborn Hills, tasked with ensuring compliance with the recorded deed restrictions.

In July 2018, defendant Nasser Beydoun submitted an Architectural Plan Review Request Form to plaintiff seeking approval of plans for the subject property that included renovations and building an addition to the existing structure on the subject property. On the form, Daoud and Beydoun were listed as the "Applicant (Property Owner)." They signed this form that contained language indicating that they agreed to comply with plaintiff's approved plans and any conditions for that approval.

-1-

On June 4, 2019, plaintiff initiated this action, seeking to enforce certain deed restrictions related to a requirement to obtain plaintiff's approval of building and architectural plans before beginning construction or alteration of buildings on lots within the subdivision. In naming the defendants, plaintiff asserted that Ghenwa Nasser was also known as "Beydoun Nasser." According to the complaint, plaintiffs had informed defendants that the plans for the subject property had been rejected because they did not conform to the requirements of the deed restrictions regarding conformity and harmony with the surrounding homes but defendants nonetheless sought a variance from the zoning board of appeals and received partial approval from the zoning board of the building plans that plaintiff had rejected. Plaintiff alleged that defendants had violated the deed restrictions by seeking to construct or alter a structure on the subject premises that did not conform to the requirements of the deed restrictions and without properly obtaining plaintiff's approval of the plans for intended alteration or construction. Plaintiff asserted claims against defendants for breach of the declaration of restrictions, breach of contract, and promissory estoppel.

Plaintiff sought injunctive relief in the form of an order requiring defendants to properly obtain plaintiff's approval, in accordance with the deed restrictions, of any proposed plans for construction or alteration on the property. Plaintiff additionally requested a judgment granting it an equitable award of attorney fees and costs based on defendants' "bad faith" breach of the restrictive covenants.

On September 13, 2019, after this litigation had been initiated, Beydoun purchased the subject property from Jouraish Daoud and Ghenwa Nasser. The property was conveyed to Beydoun by warranty deed. Plaintiff amended its complaint to add Beydoun as a separate defendant. Beydoun allegedly continued to submit revised plans to plaintiff that plaintiff also rejected. In its amended complaint, plaintiff maintained the same three claims against defendants and sought the same relief as described in the original complaint.

After filing its amended complaint, plaintiff moved for a preliminary injunction based on allegations that Beydoun had obtained a building permit and begun construction on the subject premises even though Beydoun's building plans had not been approved by plaintiff. The trial court entered a preliminary injunction order on July 30, 2020, enjoining defendants from any construction activity on the subject premises. The preliminary injunction was vacated on November 9, 2020, pursuant to a stipulation between the parties. The November 9 order specifically clarified, "While the parties have been unable to reach a settlement on the Dearborn Hills Civic Association's claims, the parties agree the preliminary injunction may be vacated."

On January 31, 2021, the trial court entered a declaratory judgment and order granting plaintiff's motion for summary disposition with respect to its request for declaratory relief and denying plaintiff's summary disposition motion with respect to its request for injunctive relief. The trial court ruled that the declaration of restrictions constituted a valid restrictive covenant binding on all platted lots in the Dearborn Hills subdivision, that plaintiff was the entity properly charged with enforcing the terms of the declaration, that plaintiff had the authority to review building plans and had the sole discretion to determine the conformity and harmony of building plans so long as that discretion was exercised in good faith, that defendants substantially and materially breached the declaration by altering the subject premises without obtaining plaintiff's

prior approval, and that defendants were contractually bound to complete any renovations and construction in accordance with plaintiff's approved plans and conditions for approval.

Subsequently, plaintiff moved for attorney fees on the ground that it had incurred legal expenses as a result of defendants' fraudulent or unlawful conduct. Plaintiff specifically alleged four instances of fraud committed by defendants during the course of the parties' dispute: (1) "Defendant Nasser Beydoun, as an agent of Defendants Ghenwa Nasser and Jouraish Daoud, falsely represented himself as the owner of the Subject Premises, and the Defendants then fraudulently concealed Beydoun's misrepresentation"; (2) "Defendants Daoud and Nasser committed fraud when they made a sham transfer of legal title to the Subject Premises to Nasser Beydoun, and the Defendants then fraudulently concealed the title transfer"; (3) "Defendant Beydoun, as an agent of Nasser and Daoud, committed fraud when he obtained legal title to the Subject Premises with no intent of complying with the contractual obligations that ran with the land"; and (4) "Defendant Beydoun, as an agent of Nasser and Daoud, committed fraud when he falsely stated he lived in the Subject Premises, to argue equity demanded vacatur of the preliminary injunction."

A hearing was held on February 26, 2021, at which the parties presented oral argument on plaintiff's motion for attorney fees. The trial court denied plaintiff's motion for attorney fees, noting that plaintiff did not "allege fraud or unlawful conduct in the Complaint," that there had been no evidentiary hearing regarding allegations of fraud, and that the applicable caselaw did not justify awarding attorney fees in this case. The court entered an order to this effect on March 10, 2021.

In denying plaintiff's subsequent motion to submit its appeal on less than the complete transcript, the trial court also provided further explanation of its reasoning for denying plaintiff's motion for attorney fees:

> Plaintiff is appealing this Court's decision denying is [sic] motion for attorney fees. In its motion for attorney fees, Plaintiff alleged that it incurred attorney fees and expenses as a result of four specific instances of fraud and fraudulent concealment allegedly perpetrated by Defendants. Following oral argument, the Court denied the motion on the record. The Court noted that recovery of attorney fees has been allowed in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct, but pointed out that in the case at bar, the Court never make [sic] findings of fact regarding fraud, fraudulent concealment, or unlawful conduct, nor did Plaintiff allege fraud or unlawful conduct in its complaint. The Court noted that in cases in which the Court awarded attorney fees for fraud or unlawful conduct, such as *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251; 761 NW2d 761 (2008), and *Oppenhuizen v. Wennersten*, 2 Mich App 288; 139 NW2d 765 (1966), the Court made findings of fraud and/or unlawful conduct during the pendency of those proceedings. There were no such findings in the present matter.

> Plaintiff now seeks leave to submit its appeal of the aforementioned denial of its motion for attorney fees on less than the full transcript. Plaintiff contends that determination of its appeal can be made solely on the basis of the transcript of the

February 26, 2021, proceedings. The Court disagrees. As previously described, Plaintiffs motion for attorney fees is premised on the argument that it incurred attorney fees and expenses as a result of fraud and unlawful conduct committed by Defendants. The motion was denied because, during the course of multiple hearings throughout the proceedings, this Court never made any findings that Defendants engaged in fraud or unlawful conduct. The Court considered the proceedings in toto when it made its ruling on Plaintiffs motion for attorney fees. A reviewing Court should also have the opportunity to review the full record and see that no findings of fraud or unlawful conduct were made in this case. Accordingly, IT IS HEREBY ORDERED that Plaintiffs motion to submit its appeal on less than the full transcript is DENIED.

## II. APPELLATE JURISDICTION

Before addressing the merits of plaintiff's appellate arguments, we must first address Beydoun's challenge to this Court's jurisdiction. "Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). We review de novo as a question of law whether this Court has jurisdiction. *Id.*

Plaintiff filed its claim of appeal on March 17, 2021. Citing 7.204(A)(1), Beydoun argues that this Court lacks jurisdiction over this appeal because plaintiff filed its claim of appeal more than 21 days after the trial court entered its declaratory judgment and order on January 31, 2021, which stated that it resolved the last pending matter and closed the case. In relevant part, MCR 7.204(A)(1) generally provides that an appeal of right in a civil case must be taken within 21 days from the entry of the judgment or order appealed or from an order deciding a postjudgment motion for certain types of relief from the judgment or order appealed, such as a motion for a new trial.

However, plaintiff expressly states that its appeal is limited only to challenging the trial court's March 10, 2021 postjudgment order denying plaintiff's motion for attorney fees. As applicable to the circumstances presented in this case, this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . as defined in MCR 7.202(6)," but an "appeal from an order described in MCR 7.202(6)(a)(iii)-(v) is limited to the portion of the order with respect to which there is an appeal of right." MCR 7.203(A)(1). Under MCR 7.202(6)(a)(iv), a "final judgment" or "final order" in a civil case includes "a postjudgment order awarding or denying attorney fees and costs under MCR 2.403, 2.405, 2.625 or other law or court rule[.]"

Here, as will be described in more detail later in this opinion, plaintiff sought attorney fees based on caselaw permitting recovery of attorney fees based on another party's fraudulent or unlawful conduct. The trial court denied plaintiff's motion for attorney fees under "other law," and this order therefore was a final order for purposes of appeal. MCR 7.202(6)(a)(iv). Because the order appealed by plaintiff was a final judgment or order under MCR 7.202(6)(a)(iv) and plaintiff filed its claim of appeal within 21 days of the order appealed, this Court has jurisdiction over plaintiff's appeal of right, limited to the ruling denying plaintiff's motion for attorney fees. MCR 7.203(A)(1); MCR 7.204(A)(1)(a).

-4-

### III. ATTORNEY FEES

Turning to the merits of plaintiff's appeal, plaintiff argues that the trial court abused its discretion by denying its motion for attorney fees. Plaintiff maintains that it should have been awarded attorney fees based on fraudulent conduct committed by defendants.

### A. STANDARD OF REVIEW

"A trial court's decision to grant or deny a motion for attorney fees presents a mixed question of fact and law." *Johnson v USA Underwriters*, 328 Mich App 223, 247; 936 NW2d 834 (2019) (quotation marks and citation omitted). "Findings of fact on which the court bases its award of attorney fees are reviewed for clear error; questions of law are reviewed de novo." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 286; 761 NW2d 761 (2008). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Brown v Home-Owners Ins Co*, 298 Mich App 678, 690; 828 NW2d 400 (2012) (quotation marks and citation omitted). This Court "review[s] a trial court's ultimate decision to award attorney fees for an abuse of discretion." *Johnson*, 328 Mich App at 247. "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *Ypsilanti*, 281 Mich App at 286.

### B. ANALYSIS

"In Michigan, it is well-settled that the recovery of attorney fees is governed by the 'American rule,' " under which "attorney fees are generally not allowed, as either costs or damages, unless recovery is expressly authorized by statute, court rule, or a recognized exception." *Johnson*, 328 Mich App at 247-248 (citations and some quotation marks omitted). "Exceptions to the prevailing doctrine that attorney fees are not recoverable must be narrowly construed." *Brooks v Rose*, 191 Mich App 565, 575; 478 NW2d 731 (1991).

Here, plaintiff does not cite a statute or court rule that would authorize awarding attorney fees but instead claims it is entitled to attorney fees based on defendants' alleged fraud. This Court has recognized that recovery of attorney fees "has been allowed in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct." *Id.*, citing *Oppenhuizen v Wennersten,* 2 Mich App 288; 139 NW2d 765 (1966); *Tutton v Olsen & Ebann,* 251 Mich 642, 650; 232 NW 399 (1930); and *Bates v Kitchel,* 166 Mich 695; 132 NW 459 (1911); see also *Spectrum Health v Grahl*, 270 Mich App 248, 253; 715 NW2d 357 (2006) (" 'Recovery has been allowed in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct.' "), quoting *Brooks*, 191 Mich App at 575; *Ypsilanti*, 281 Mich App at 286 (same), quoting *Spectrum Health*, 270 Mich App at 253.

The fundamental premise of plaintiff's argument is that in *Ypsilanti*, *Spectrum Health*, and *Brooks*, this Court never expressly conditioned the ability to recover attorney fees for another party's fraud on alleging fraud in the complaint or obtaining a finding of fraud earlier in the proceedings and that the trial court in this case therefore made an error of law in ruling that plaintiff could not recover attorney fees incurred as a result of defendants' alleged fraud because plaintiff had not alleged fraud in its complaint and there had been no previous finding by the trial court of fraud.

In *Ypsilanti*, this Court held that the trial court did not abuse its discretion by awarding attorney fees to the plaintiff that were incurred as a result of the defendant's "illegal and egregious" conduct that led to the initiation of the litigation, the defendant's lack of compliance with the trial court's orders during the case, and the defendant's refusal to comply with local ordinances applicable to the subject matter of the litigation. *Ypsilanti*, 281 Mich App at 286-287.

In *Spectrum Health*, this Court held that attorney fees were not recoverable under the exception for fraudulent or unlawful conduct because there was no record evidence of fraudulent, wrongful, or unlawful conduct by the appellant that had been ordered to pay attorney fees to the appellee. *Spectrum Health*, 270 Mich App at 249, 258-259.

In *Brooks*, this Court vacated the portion of the trial court's judgment awarding attorney fees to the defendants. *Brooks*, 191 Mich App at 575. After acknowledging that attorney fees were permissibly recoverable "in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct," the *Brooks* Court explained without further analysis that the "present case involves attorney fees arising from the breach of a partnership contract" and the "facts do not support an award of attorney fees under any of the recognized exceptions to the general rule that such fees are not recoverable." *Id*.

In *Oppenhuizen*, 2 Mich App at 299, this Court stated the relevant rule as follows: "A person who through the tort of another has been required to act in the protection of his interest by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney fees and other expenditures thereby suffered or incurred." (Quotation marks and citation omitted.) In that case, the plaintiff had obtained a judgment in his favor on his fraud claim against the defendant Howard Veneklasen, following a bench trial. *Id*. at 290-291. Based on the rule quoted above, the *Oppenhuizen* Court determined that "under the facts of this case, the $500 *exemplary damages* awarded to plaintiff were reasonable and justified . . . ." *Id*. at 299 (emphasis added).

*Oppenhuizen* was cited by this Court in *Brooks* for the fraud exception to the general rule that attorney fees are not recoverable as costs or damages. *Brooks*, 191 Mich App at 574-575. This Court quoted *Brooks* in *Spectrum Health* for the rule that attorney fees may be recoverable " 'in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct.' " *Spectrum Health*, 270 Mich App at 253, quoting *Brooks*, 191 Mich App at 575. *Spectrum Health*, in turn, was quoted by this Court in *Ypsilanti* for the same rule. *Ypsilanti*, 281 Mich App at 286. Tracing this fraud exception back to its roots in *Oppenhuizen*, the justification for permitting the recovery—in *limited* situations—of legal expenses incurred as a result of another party's fraud appears to be premised on the categorization of such attorney fees as a species of exemplary damages. *Oppenhuizen*, 2 Mich App at 299.

This Court has observed that there is a distinction between attorney fees that are recoverable based on a statute or court rule and attorney fees that are instead recoverable only as a form of damages. *Pransky v Falcon Group, Inc*, 311 Mich App 164, 194-195; 874 NW2d 367 (2015). In *Pransky*, this Court held that recovery of attorney fees as a form of damages, rather than pursuant to authorization by statute or court rule, requires the party seeking damages in the form of attorney fees to have brought a claim for those damages. *Id*. at 195. Damage-based attorney fees may not be sought by way of a postjudgment motion in the manner typical of certain

attorney fee recovery mechanisms authorized by statute or court rule. *Id*. at 194-195. A trial court may not enter an order requiring a party to pay another party's attorney fees as damages if the party seeking attorney fees did not bring the requisite claim because a "trial court may not enter judgment on a claim that was not brought in the original action in the guise of a postjudgment proceeding." *Id*. at 195.

In this case, plaintiff only sought attorney fees by way of a motion; plaintiff never asserted a *claim* for attorney fees based on allegations that defendants committed fraud.

A motion is not a "pleading," which is a term specifically defined by court rule to include "*only*" a complaint, a cross-claim, a counter-claim, a third-party complaint, an answer to one of the preceding types of pleading, and a reply to an answer. MCR 2.110(A). "A complaint must contain '[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the *nature of the claims* the adverse party is called on to defend . . . .' " *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010), quoting MCR 2.111(B)(1) (emphasis added; alteration and ellipsis in original). "[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Dalley*, 287 Mich App at 305 (alteration in original; quotation marks and citation omitted). Moreover, "[i]n allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity." MCR 2.112(B)(1).

Here, neither plaintiff's initial complaint nor its amended complaint contain allegations of fraud or a request for attorney fees on the basis of fraud allegedly committed by defendants. To the extent plaintiff argues that it only learned about defendants' alleged fraud during the course of the proceedings in the trial court, plaintiff never sought to amend its pleadings to include a claim for attorney fees on the basis of the alleged fraudulent acts. See 2.118(A)(2). Plaintiff does not argue otherwise. Plaintiff also expressly admits on appeal that it only raised the issue of attorney fees predicated on defendants' alleged fraud (1) in plaintiff's postjudgment motion for attorney fees and (2) by indicating earlier in the case that it *intended at some point in the future* to file *a motion* for attorney fees based on fraud. Neither of these methods are sufficient to constitute pleading a *claim* for attorney fees based on alleged fraud. *Dalley*, 287 Mich App at 305; MCR 2.111(B)(1); MCR 2.112(B)(1). Because plaintiff never properly advanced its claim for attorney fees based on alleged fraud committed by defendants, the trial court did not err by denying plaintiff's motion for attorney fees; plaintiff was not entitled as a matter of law to recover attorney fees based on alleged fraud under the circumstances of this case. *Pransky*, 311 Mich App at 194-195.[1]

---

[1] We note that plaintiff also relies on *Limbright v Hofmeister*, opinion of the United States District Court for the Eastern District of Kentucky, issued March 22, 2012 (Case No. 5:09-cv-107-KSF), to support its argument. However, this Court is not bound by a lower federal court's interpretation of Michigan law. *Weingartz Supply Co v Salsco Inc*, 310 Mich App 226, 233 n 4; 871 NW2d 375 (2015). In contrast, we are bound by *Pransky*, which is a published opinion of this Court. MCR 7.215(C)(2) and (J)(1).

We acknowledge that plaintiff included a request for attorney fees in its complaint and amended complaint, but both complaints expressly based the request for attorney fees on considerations of equity and defendants' alleged "bad-faith" breach of the declaration of restrictions. However, a court may not award attorney fees based solely on "general equitable principles" and without authorization under either a statute, court rule, or common-law exception to the general rule prohibiting the recovery of attorney fees. *In re Adams Estate*, 257 Mich App 230, 236-237; 667 NW2d 904 (2003). Additionally, with respect to plaintiff's allegations that defendants committed a "bad-faith breach" of the restrictive covenants, these allegations are analogous to asserting a claim for breach of contract. See *Eager v Peasley*, 322 Mich App 174, 179-181; 911 NW2d 470 (2017) (stating that restrictive covenants and deed restrictions constitute a distinct property right and are enforced as contracts). "[I]n breach of contract cases, the general rule is that exemplary damages are not recoverable absent allegation and proof of tortious conduct that is independent of the breach." *Casey v Auto Owners Ins Co*, 273 Mich App 388, 402; 729 NW2d 277 (2006) (quotation marks and citation omitted). Alleging that a contract was breached in "bad faith" does not state an independent tort claim or an action independent from the claimed breach of contract. *Id*. at 401-402. Accordingly, plaintiff's request for attorney fees that it included in its complaint and amended complaint were not sufficient to justify an award of attorney fees under the circumstances presented in this case.

Based on our conclusion that plaintiff was not entitled as a matter of law to recover attorney fees on the basis of the theory advanced by plaintiff because plaintiff failed to properly assert this claim in the trial court, we need not decide whether defendants actually committed the fraudulent acts alleged by plaintiff because plaintiff did not properly plead any claims of fraud. We therefore decline to address plaintiff's appellate arguments that defendants committed fraud.

Finally, plaintiff asserts that "on remand," it should be permitted "an opportunity to present evidence of recoverable costs" for the same reasons it was entitled to attorney fees. Plaintiff admits that it did not request costs in its postjudgment motion that is the subject of this appeal. Nevertheless, in light of our conclusion to affirm the trial court's ruling on attorney fees, this argument is moot. An issue is moot if rendering judgment on it "for any reason, cannot have any practical legal effect upon a then existing controversy." *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 580; 957 NW2d 731 (2020) (quotation marks and citation omitted). Moreover, even if this issue were not moot, plaintiff waived appellate review by failing to raise this issue in the trial court and we would decline to address it because plaintiff has not demonstrated through its cursory argument regarding costs that miscarriage of justice would result if this issue were not addressed on appeal. *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008).

Affirmed. No costs are awarded. MCR 7.219

/s/ Stephen L. Borrello
/s/ Noah P. Hood