*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICK MERRIFIELD and MERRIFIELD MACHINERY SOLUTIONS,

Plaintiffs-Appellants,

v

ATS ADVISORS, JAMES SULLIVAN, and SHANE RANDELL,

Defendants-Appellees.

UNPUBLISHED
August 12, 2025
10:19 AM

No. 368355
Oakland Circuit Court
LC No. 2021-191816-NM

Before: REDFORD, P.J., and RIORDAN and BAZZI, JJ.

PER CURIAM.

In this accounting malpractice action, plaintiffs, Nick Merrifield ("Merrifield") and Merrifield Machinery Solutions ("MMS") (collectively "plaintiffs"), appeal as of right from an October 18, 2023 order, which dismissed plaintiffs' first-amended complaint in favor of defendants, ATS Advisors, James Sullivan ("Sullivan"), and Shane Randell ("Randell") (collectively "defendants"). On appeal, plaintiffs challenge the trial court's July 12, 2023 order, which granted summary disposition in favor of defendants on plaintiffs' original complaint under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm in part, reverse in part, and remand to the trial court for further proceedings.

## I. BACKGROUND

In 2007, Merrifield opened MMS, which provided service and repair work for "CNC milling and turning machinery." Richard Rohn ("Rohn") later became part owner of MMS. According to Merrifield, Rohn had the primary responsibility for MMS's finances and accounting, including a line of credit from Oxford Bank. In 2017, MMS hired defendants. According to Sullivan, ATS Advisors' owner, ATS Advisors was hired to prepare tax returns based on information received from MMS's representatives. Randell, a certified public accountant (CPA) who worked for ATS Advisors, helped prepare certain tax returns for MMS. He also served as MMS's interim controller for a brief period of time.

-1-

In late 2018, or early 2019, Merrifield decided that he no longer wanted to partner with Rohn. Merrifield, who admittedly was not "intimately familiar" with MMS's "books," did not consult with legal counsel, or other professionals, to determine MMS's value. After Merrifield and Rohn entered into a purchase agreement, and Merrifield paid Rohn a portion of the agreed price for his ownership interest in MMS, Merrifield discovered that there were issues with MMS's financial reports. It also was discovered that MMS fell "out of formula" on its line of credit with Oxford Bank. MMS hired a turnaround expert, Fred Leeb ("Leeb"), and CPA Ronald Schlaupitz ("Schlaupitz") to address MMS's accounting issues. Meanwhile, Rohn and Merrifield reached a new agreement concerning the amount Merrifield would pay Rohn for his ownership in MMS.

In September 2021, plaintiffs filed suit against defendants, alleging accounting malpractice and breach of fiduciary duty. Plaintiffs alleged that they sustained myriad damages, including: (1) tax penalties and interest; (2) an Internal Revenue Services (IRS) audit and associated expenses; (3) attorney fees and costs; (4) accounting fees; and (5) overpayment by Merrifield for Rohn's ownership interest in MMS. Defendants answered the complaint, and they generally denied liability. Discovery commenced.

In May 2023, defendants moved for summary disposition, arguing that plaintiffs could not establish causation or damages. Plaintiffs opposed the motion, arguing that genuine issues of material fact existed for trial. In so arguing, plaintiffs generally referred to the entirety of Schlaupitz's deposition transcript, which was 214 pages in length. After hearing oral arguments, the trial court granted defendants' motion for summary disposition, concluding that plaintiffs failed to meet their burden under MCR 2.116(G)(4) to set forth specific facts showing there was a genuine issue for trial. Citing *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 376; 775 NW2d 618 (2009), the trial court held that it was not obligated to "scour the lower court record in search of a basis for denying the moving party's motion." The trial court entered the July 12, 2023 order, granting defendants' motion for summary disposition.

Plaintiffs moved for reconsideration. In doing so, they included page citations to the record evidence. Plaintiffs also filed a first amended complaint, the allegations of which are not relevant to the issues raised on appeal. Defendants opposed the motion for reconsideration and moved for summary disposition of the first amended complaint, arguing that res judicata barred the claims and plaintiffs never obtained leave from the trial court to file the amended complaint. In October 18, 2023 orders, the trial court granted defendants' motion for summary disposition of the first amended complaint and denied plaintiffs' motion for reconsideration. This appeal followed.

## II. STANDARDS OF REVIEW

Questions of law, including the extent and nature of legally permissible damages, are reviewed de novo. *Price v High Pointe Oil Co, Inc*, 493 Mich 238, 242; 828 NW2d 660 (2013). "We also review de novo a trial court's decision on a motion for summary disposition." *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (quotation marks and citation omitted).

A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no

genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis, quotation marks, and citations omitted).]

When reviewing a motion for summary disposition, "[t]his Court considers only the evidence that was properly presented to the trial court in deciding the motion." *Lakeview Commons v Empower Yourself*, 290 Mich App 503, 506; 802 NW2d 712 (2010).

## III. ANALYSIS

Plaintiffs argue that the trial court erred by granting summary disposition in favor of defendants. We agree in part. A motion for summary disposition under MCR 2.116(C)(10) may be granted where, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When the nonmoving party bears the burden of proof on an essential element of a claim, the moving party may seek summary disposition under MCR 2.116(C)(10) by: (1) demonstrating that the nonmoving party will be unable to meet that burden; or (2) submitting affirmative evidence that negates the challenged element. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). If the moving party meets this burden, the nonmovant can avoid summary disposition "through one of these two courses of action:"

> Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Id*. (quotation marks and citations omitted).]

In short, a motion brought under MCR 2.116(C)(10) features a burden shifting framework. See *Quinto v Cross & Peters Co*, 451 Mich 358, 361-362; 547 NW2d 314 (1996). "[C]onsistent[] with our adversarial system, MCR 2.116(G)(4) squarely places the burden of identifying the issues and evidentiary support on the parties, not the trial court." *Barnard*, 285 Mich App at 376. Indeed,

> [b]ecause MCR 2.116(G)(4) places the burden to establish a genuine issue for trial on the adverse party, MCR 2.116(G)(5) cannot be construed to place a concomitant burden on the trial court to scour the lower court record in search of a basis for denying the moving party's motion. Instead, MCR 2.116(G)(5) must be understood to impose a limitation on the discretion of the trial court rather than impose an affirmative duty. Accordingly, if a party refers to and relies on an affidavit, pleading, deposition, admission, or other documentary evidence, and that evidence is then filed in the action or submitted by the parties, the trial court must consider it. [*Id*. at 377 (footnotes, quotation marks, and citations omitted).]

In this case, when opposing the motion for summary disposition, plaintiffs provided the trial court with Schlaupitz's entire deposition testimony without directing the trial court to the relevant pages within the transcript. Rather, plaintiffs generally referred to the 214-page

deposition transcript as a whole. As noted by the trial court, plaintiffs' failure to provide page citations for the deposition testimony was, essentially, a request for the trial court to scour the record for evidence to support their claims. Indeed, only by reading the entire deposition could the trial court determine the accuracy of plaintiffs' statements. Thus, the trial court granted summary disposition under MCR 2.116(C)(10) in favor of defendants because plaintiffs "did not set forth specific facts showing that there was a genuine issue for trial." See *Barnard*, 285 Mich App at 374.

In so holding, however, the trial court did not consider the individual grounds upon which defendants based their motion for summary disposition. In failing to do so, the trial court did not expressly consider whether defendants carried their burden of production when bringing their motion for summary disposition. Also, despite focusing on Schlaupitz's deposition testimony, the trial court failed to consider whether Schlaupitz's deposition testimony was relevant to all of plaintiffs' claims. For the reasons explained below, the trial court's rationale resulted in erroneously granting a portion of defendants' motion. Thus, we reverse the trial court's grant of defendants' motion for summary disposition and remand this matter to the trial court for further consideration. See *Lowrey*, 500 Mich at 7.

### A. PLAINTIFFS' CLAIM FOR DAMAGES FOR MERRIFIELD'S ALLEGED "OVERPAYMENT" FOR ROHN'S OWNERSHIP INTEREST IN MMS

Plaintiffs allege that because defendants failed to recognize MMS's financial records were inaccurate, Merrifield overestimated the value of MMS when he negotiated a purchase price with Rohn in 2019. According to plaintiffs, this resulted in Merrifield "overpay[ing]" for Rohn's ownership interest in MMS. Defendants argued that plaintiffs could not establish, without impermissibly relying on speculation and conjecture, Merrifield would have obtained a better deal with Rohn, but for defendants' alleged malpractice. While plaintiffs argued before the trial court that summary disposition was improper on this claim, plaintiffs on appeal focus on the trial court's decision to grant summary disposition based on their alleged failure to establish damages.

However, plaintiffs fail to cite relevant authority, or even address the trial court's decision to dismiss a portion of their claim based on their failure to establish a genuine issue of material fact as to causation. Because plaintiffs fail to dispute the trial court's conclusion that they failed to establish a genuine issue of material fact as to causation relating to Merrifield's payment of Rohn for his ownership share of MMS, we may assume that the trial court did not err by dismissing this claim. In other words, plaintiffs' argument on appeal need not be considered. See *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 517; 892 NW2d 467 (2016) ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.") (quotation marks and citation omitted). Additionally, appellate review is waived because plaintiffs omit the issue of causation from their statement of the questions presented. See *In re BKD*, 246 Mich App 212, 218; 631 NW2d 353 (2001).[1]

---

[1] To the extent that we have considered the issue, we conclude that summary disposition was properly granted on this claim because a court must dismiss an action when causation remains an

## B. PLAINTIFFS' CLAIM FOR DAMAGES FOR ADDITIONAL ACCOUNTING FEES IN RELATION TO DEFENDANTS' ALLEGED MALPRACTICE

Plaintiffs alleged that defendants' malpractice caused them to incur Leeb's and Schlaupitz's fees because they had to review, and revise, MMS's financial records and certain tax returns. Defendants moved for summary disposition of this claim. As already stated, when the nonmoving party bears the burden of proof on an essential element of the claim, the moving party may seek summary disposition under MCR 2.116(C)(10) by: (1) demonstrating that the nonmoving party will be unable to meet that burden; or (2) submitting affirmative evidence that negates the challenged element. *Lowrey*, 500 Mich at 7. In moving for summary disposition, defendants did not only argue that plaintiffs' evidence was insufficient to establish causation. Instead, defendants argued that plaintiffs would be unable to establish causation because the accounting fees would have been incurred regardless of defendants' alleged malpractice. However, defendants failed to cite evidence to support this argument. Defendants also did not explain how the fees would have been incurred, even if defendants were not involved in MMS's financial department. As a result, the burden did not shift to plaintiffs, and plaintiffs had no obligation to come forward with evidence establishing a question of fact on the issue of Leeb's and Schlaupitz's fees. See *Oliver v Smith*, 269 Mich App 560, 566-567; 715 NW2d 314 (2006) (explaining that because the defendant "failed to meet his initial burden to provide evidence supporting his contention that his motion for summary disposition should be granted," "the burden did not shift to [the] plaintiff"). Thus, the trial court erred by granting summary disposition in favor of defendants on this claim. See *id*. at 567 ("[I]t was proper for the trial court to deny [the] defendant's motion when [the] defendant had not satisfied his initial burden to provide evidence in support of his argument that summary disposition was appropriate.").

Further, defendants' argument that the additional accounting fees would have been incurred, regardless of defendants' purported malpractice, is unsupported by the record. It is undisputed that Leeb and Schlaupitz were retained because MMS's financial records needed to be corrected. MMS also needed to file amended tax returns for the 2017 and 2018 tax years, which defendants were responsible for preparing. As noted by plaintiffs, when moving for reconsideration, plaintiffs cited, and quoted, a portion of Schlaupitz's deposition testimony. While Schlaupitz did not testify as to a certain amount of damages, Schlaupitz testified certain damages were incurred. In relation to a motion for summary disposition, a party merely must proffer admissible evidence establishing, to a reasonable degree of certainty, the fact that damages occurred. *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 108; 535 NW2d 529 (1995) ("A party asserting a claim has the burden of proving its damages with reasonable certainty. . . . [However,] the certainty requirement is relaxed where the fact of damages has been established

---

issue of pure speculation and conjecture, or the probabilities are evenly balanced at best. See *Genna v Jackson*, 286 Mich App 413, 418; 781 NW2d 124 (2009). Although the trial court held summary disposition of this claim was proper for different reasons, we may affirm on different grounds than the trial court. See *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 86; 592 NW2d 112 (1999).

and the only question to be decided is the amount of damages.”). In this case, plaintiffs presented evidence to support their claim of damages as to Leeb's and Schlaupitz's fees.

While “[a] party asserting a claim has the burden of proving [his or her] damages with reasonable certainty,” and “damages based on speculation or conjecture are not recoverable,” *id.*, Schlaupitz's testimony supports that he was able to calculate the damages, if necessary. Additionally, Merrifield estimated Leeb did “about $200,000 worth of work,” and Schlaupitz's bill was “more than $400,000” for “cleanup work,” which included revising “the books from absolutely top to bottom, including re-filing and amending tax returns. . . .” Thus, summary disposition in favor of defendants based on the trial court's conclusion that plaintiffs could not establish the alleged malpractice resulted in plaintiffs paying accounting fees to Leeb and Schlaupitz was improper. See *Ensink v Mecosta Co Gen Hosp*, 262 Mich App 518, 526; 687 NW2d 143 (2004) (holding that summary disposition was improper because the plaintiff established “damages stemming directly from [the] defendants' negligence, and it is only the amount of damages that is in question”).

## C. PLAINTIFFS' CLAIM FOR ATTORNEY FEES IN RELATION TO DEFENDANTS' ALLEGED MALPRACTICE

Plaintiffs alleged that defendants' malpractice caused them to incur legal fees, and defendants argued that summary disposition of this claim was proper because such damages are barred by the American rule. Plaintiffs challenged this argument, asserting that the American rule is not implicated. The trial court granted defendants summary disposition of this claim, which plaintiffs argue on appeal was improper. We disagree.

“Michigan follows the American rule with respect to the payment of attorney fees and costs.” *Haliw v Sterling Hts*, 471 Mich 700, 707; 691 NW2d 753 (2005) (quotation marks and citation omitted). “The American rule generally requires parties to shoulder the cost of hiring their own attorneys to assert their legal positions, claims, and defenses.” *Hank Orchids LP v Buie*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165761); slip op at 2. “[A]ttorney fees are not ordinarily recoverable [as an element of costs or damages] unless a statute, court rule, or common-law exception provides the contrary.” *Dessart v Burak*, 470 Mich 37, 42; 678 NW2d 615 (2004) (quotation marks and citation omitted). See also *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007). “Exceptions to the doctrine that attorney fees are not recoverable are narrowly construed.” *Spectrum Health v Grahl*, 270 Mich App 248, 253; 715 NW2d 357 (2006). “Recovery has been allowed in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct. Recovery has also been permitted where a defendant's wrongful conduct has forced a party to incur legal expenses in prior litigation with a third party.” *Id.* (quotation marks and citations omitted). In addition, contractual provisions for the payment of reasonable attorney fees as damages are enforceable. *Fleet Business Credit, LLC*, 274 Mich App at 589.

In response to defendants' motion for summary disposition, plaintiffs acknowledged the American rule. But, while acknowledging exceptions apply to the American rule, plaintiffs did not explain, or rationalize, if an exception applied. Rather, plaintiffs appeared to argue that the American rule only applies to attorney fees relating to the underlying litigation. However, this argument lacks merit because the American rule applies to damages in the underlying litigation.

See *Fleet Business Credit, LLC*, 274 Mich App at 589 ("As a general rule, attorney fees are not recoverable *as an element of costs or damages* absent an express legal exception.") (emphasis added).[2]  Plaintiffs failed to establish, as a matter of law, they were entitled to attorney fees. Summary disposition in favor of defendants on that claim was proper.

## D.  PLAINTIFFS' CLAIM FOR DAMAGES IN RELATION TO FEES PAID TO DEFENDANTS FOR THEIR ACCOUNTING SERVICES AND ANY FEES IMPOSED BY OXFORD BANK

Plaintiffs argue that the trial court failed to address the following claims: (1) plaintiffs were entitled to recover the fees paid to defendants for the accounting they performed in a negligent manner; and (2) any fees paid to Oxford Bank in relation to defendants' alleged malpractice are recoverable damages.  We decline to address these issues for the first time on appeal.  See *Aguirre v Dep't of Corrections*, 307 Mich App 315, 326; 859 NW2d 267 (2014).  For the reasons already discussed, it is necessary to remand the matter to the trial court.  Analysis of the issues relating to these claims will benefit from a decision of the trial court and full argument, if necessary.

## E.  THE TRIAL COURT'S DENIAL OF PLAINTIFFS' MOTION FOR RECONSIDERATION

Finally, although plaintiffs do not directly challenge the October 18, 2023 order denying their motion for reconsideration, we reverse that order in part.  Indeed, the trial court abused its discretion by denying the motion in relation to plaintiffs' claim that defendants' alleged malpractice caused plaintiffs to incur additional accounting fees, i.e., Leeb's and Schlaupitz's fees. See *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008) (a trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion); *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020) (defining an abuse of discretion). As already stated, defendants did not meet their initial burden and were not entitled to summary disposition of that claim.  See *Oliver*, 269 Mich App at 567.

## IV.  CONCLUSION

We affirm in part and reverse in part, and remand to the trial court for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Mariam S. Bazzi

---

[2] We acknowledge our Supreme Court recently held that "the American rule does not prohibit the recovery of legal fees that are damages resulting from the underlying legal malpractice."  *Hank Orchids LP*, ___ Mich at ___; slip op at 3.  However, contrary to plaintiffs' arguments on appeal, the holding in *Hank Orchids LP* only applies to damages in legal malpractice claims.  See *id*. at ___; slip op at 22-23.